F. Wallace POPE, Jr., as an individual plaintiff, and as a representative of a proposed class, Plaintiff,

v.

CITY OF CLEARWATER, a municipal corporation, Defendant.

No. 90–1062–CIV–T–17A.

United States District Court, M.D. Florida, Tampa Division.

July 12, 1991.

John Alan Schaefer, Johnson, Blakely, Pope, Bokor, Ruppel & Burns, P.A., Clearwater, Fla., for plaintiff.

Milton Alvin Galbraith, Jr., City Attorney's Office, City of Clearwater, Clearwater, Fla., for defendant.

## ORDER ON MOTION TO CERTIFY CLASS ACTION

KOVACHEVICH, District Judge.

This cause is before the Court on Plaintiff's motion to certify a class action, and the Court having reviewed Plaintiff's brief supporting class certification, and Defendant's brief in opposition to Plaintiff's motion to certify class action, as well as other memoranda filed by the parties, reserves ruling on the motion to certify the first and second proposed classes of plaintiffs pending the replacement of current counsel with acceptable counsel. The Court denies certification of the third class of plaintiffs and the proposed class of defendants pursuant to Rule 23(b) of the Federal Rules of Civil Procedure.

The following facts are assumed for purposes of the motion to certify a class action. Plaintiff made an application to Defendant for water service in July of 1990 and was informed that he would have to pay a fifteen (15) dollar nonrefundable service charge and a three hundred and thirty (330) dollar security deposit pursuant to City of Clearwater Ordinance to have his service turned on. Plaintiff's required deposit was determined by multiplying the average monthly bill for all utility services at the existing address. Plaintiff paid the deposit under protest as it was essential to have water service to his home.

The complaint in this case was filed August 24, 1990, and contained the following counts: 1) an action for relief against Defendant under provisions of the United States and Florida Constitutions, and 2) Defendant's method of calculating deposits is unreasonable, unjust and inequitable, in violation of § 180.13, *Florida Statutes.*

The action was brought as a class action, on his own behalf and on behalf of all others similarly situated under the provi-

sions of Rule 23(b)(1), 23(b)(2), and/or 23(b)(3) of the *Federal Rules of Civil Procedure.*

Defendant filed a motion to dismiss which is denied the instant date.

Specifically, Plaintiff alleges that he represents three proposed plaintiff classes. Plaintiff proposes that the first class (Class 1) consist of all present, past and future applicants for utilities from Clearwater who have paid or will pay a deposit to guarantee the payment of their account. While Plaintiff does not know the exact size of the proposed class, he estimates Class 1 to be in excess of ten thousand members.

The second proposed class (Class 2) would consist of all present, past and future applicants for utilities who were forced to pay a deposit equal to three times the average monthly bill for services of the previous customer at the same address. While Plaintiff does not know the exact size of Class 2, he believes that Class 2 consists of more than ten thousand persons.

Plaintiff proposes that the third class (Class 3) should consist of all present, past and future applicants for utilities operated by governmental entities within the Middle District of Florida who have paid or will pay a deposit to guarantee payment of their account. Members of this class must have dealt with a governmental entity which required a deposit, invested such a deposit, and retained the interest on their customer's deposit. Class 3 is believed to consist of more than five hundred thousand persons.

Plaintiff also proposes a defendant class in this case. Plaintiff suggests that the City of Clearwater represent a class of all governmental entities within the Middle District of Florida that operate public utilities pursuant to Chapter 180, *Florida Statutes,* which require deposits from applicants for such utilities, which invest such deposits and which retain the interest earned on such deposits. The proposed defendant class is believed to consist of approximately 100 municipalities, but less than 189 municipalities.

## DISCUSSION

Plaintiff has brought this action pursuant to Rule 23 of the Federal Rules of Civil Procedure and seeks to have this cause certified as a class action.

Rule 23 provides that:

(a) One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

(b) An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

(1) the prosecution of separate actions by or against individual members of the class would create a risk of

(A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or

(B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests; or

(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or

(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings

include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

■ The party requesting a class action has the burden of showing that all the prerequisites of Rule 23 are satisfied. *Barlow v. Marion County Hospital District*, 88 F.R.D. 619, at 623 (M.D.Fla.1980).

"Determination of the question whether a lawsuit may proceed as a class action is committed to the sound discretion of the district court, and its determination will not be overturned absent a showing that it has abused its discretion." *In re Dennis Greenman Securities Litigation*, 829 F.2d 1539, 1543–44, (11th Cir.1987).

*Classes 1 and 2*

■ There is no dispute that Classes 1 and 2, as defined by Plaintiff, satisfy the numerosity requirement of Fed.R.Civ.P. 23(a)(1). The number of proposed plaintiffs makes the joinder of all parties an impossibility.

■ It is clear that there are questions of law and fact common to Classes 1 and 2 as required by Fed.R.Civ.P. 23(a)(2). All proposed members are applicants and users of utility services who have paid deposits to the City of Clearwater to guarantee payment of their accounts. Whether there has been an unconstitutional taking is the common question as to the first class. Whether the ordinance of the City of Clearwater is unconstitutional as it relates to the determination of security deposits is the common question as to the second class.

The Court is not convinced that some of the proposed members of Classes 1 and 2 lack standing to assert claims against the City of Clearwater as the distinctions made between past and present customers, between customers who have paid their accounts and those who have not, and between customers who have availed themselves to procedures available according the practice of custom do not apply here. The constitutional questions that must be resolved as to each proposed member are the same.

■ The named representative plaintiff's claims are typical of the claims of the members of Classes 1 and 2. The claims forwarded by Class 1 allege the unconstitutional taking of interest earned on the deposits. The claims forwarded by Class 2 allege the unconstitutionality of the ordinance of the City of Clearwater as the ordinance relates to the determination of the deposit required. Thus, the typicality requirement of Fed.R.Civ.P. 23(a)(3) is satisfied.

■ Due to the relationship between the named representative plaintiff and the proposed class attorneys, however, the Court concludes that the named representative may not be able to fairly and adequately protect the interests of other class members.

Plaintiff is represented by counsel from the law firm of Johnson, Blakely, Pope, Bokor, Ruppel & Burns, P.A.. Plaintiff is also a named partner in this law firm. Though it is not certain, it is possible that a plaintiff so situated might become more interested in maximizing the return to the attorneys than in satisfying the needs of the proposed classes. "Because the financial recovery for reasonable attorney's fees would dwarf the individual's recovery as a member of the class herein, the financial interests of the named plaintiffs and of the class are not coextensive." *Turoff v. May Co.*, 531 F.2d 1357, 1360 (6th Cir.1976).

"If the interests of a class are to be fairly and adequately protected, if the courts and the public are to be free of manufactured litigation, and if proceedings are to be without cloud, the roles of class representative and of class attorney cannot be played by the same person." *Shroder v. Suburban Coastal Corp.*, 729 F.2d 1371, 1375 (11th Cir.1984) (quoting *Turoff v. May Co.*, 531 F.2d 1357, 1360 (6th Cir.1976)). Based upon Rule 23(a)(4), the Court con-

cludes that the named representative plaintiff of Classes 1 and 2 may not be able to fairly and adequately protect the interests of Classes 1 and 2 so long as he retains the law firm of Johnson, Blakely, Pope, Bokor, Ruppel & Burns, P.A. as counsel.

Plaintiff will have ten (10) days from the date of this order to retain other counsel not associated with the law firm of Johnson, Blakely, Pope, Bokor, Ruppel & Burns, P.A.. After that time has passed, this court can reconsider whether the proposed representative plaintiff will fairly and adequately protect the interests of Classes 1 and 2 as required by Fed.R.Civ.P 23(a)(4).

■ In addition to fulfilling Fed.R.Civ.P. 23(a), 23(b) must also be satisfied before a class action may be certified. The Court finds that the requirements of Fed.R.Civ.P. 23(b)(3) are met with regards to Class 1 and Class 2. There are questions of law or fact common to the members of the proposed Classes 1 and 2 that predominate over questions affecting only individual members and the proposed class action is superior to other methods of dispute resolution to ensure the fair and efficient adjudication of the controversy. Fed.R.Civ.P. 23(b)(3). The interest of members of the class in individually controlling the prosecution of separate actions seems to be very small at this time. Fed.R.Civ.P. 23(b)(3)(A).

The Court believes that the vehicle of a class action is superior to other available methods for the fair and efficient adjudication of the issues in this case. Litigation concerning the controversy has not already commenced by or against members of the class. Fed.R.Civ.P. 23(b)(3)(B).

The Court is aware of the management problems this case will present. The alleged difficulties likely to be encountered in the management of this class action are great and are noted by the Court. Fed. R.Civ.P. 23(b)(3)(D). But, the Court does not find that the management problems are overriding in this case. It is still desireable to concentrate the litigation of the claims in this particular forum.

The Court, having considered all the requirements of Rule 23, stays the motion to certify Class 1 and Class 2 of plaintiffs pending the naming of new counsel for Class 1 and Class 2 not associated with the named representative plaintiff.

*Defendant Class*

"Standing to sue is an essential threshold which must be crossed before any determination as to class representation under Rule 23 can be made." *Angel Music, Inc. v. ABC Sports, Inc.,* 112 F.R.D. 70, 73 (S.D.N.Y.1986) (citing *Weiner v. Bank of King of Prussia,* 358 F.Supp. 684, 694 (E.D.Pa.1973)).

Even named plaintiffs who propose to represent a class "must allege and show that they have personally been injured, not that the injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent". *Simon v. Eastern Kentucky Welfare Rights Org.,* 426 U.S. 26, 40 n. 20, 96 S.Ct. 1917, 1925 n. 20, 48 L.Ed.2d 450 (1976) (citing *Warth v. Seldin,* 422 U.S. 490, 502, 95 S.Ct. 2197, 2207, 45 L.Ed.2d 343 (1975)).

■ The named representative plaintiff does not allege that he has been injured by any other municipality in the Middle District and, in fact, directs his grievances only against the City of Clearwater. Therefore, the named representative plaintiff does not have standing to bring this class action against the proposed class of defendants. He only has standing to bring his grievances against the City of Clearwater.

Because the named representative plaintiff lacks the standing to sue the members of the proposed defendant class, certification of a defendant class would be inappropriate. "The plaintiff must establish his personal standing to sue each defendant before attempting to satisfy the requirements of class certification set out by Rule 23." *Angel Music v. ABC Sports, Inc.,* 112 F.R.D. 70 (S.D.N.Y.1986).

Thus, the motion to certify the proposed class of defendants, namely all governmental entities within the Middle District of Florida that operate public utilities pursuant to Chapter 180, *Florida Statutes,* which require deposits from applicants for

**146**

such utilities, and invest such deposits and retain the interest earned on such deposits must be denied.

*Class 3*

Because certification of Defendant class has been denied, the issue of whether to certify the third class of plaintiffs, namely all present, past and future applicants for utilities operated by governmental entities within the Middle District of Florida who have paid or will pay a deposit to guarantee payment of their account and who have dealt with a governmental entity which required a deposit, invested such a deposit, and retained the interest on their customer's deposit is now moot. Accordingly, it is

ORDERED that the motion to certify Class 1 and Class 2 be stayed pending the naming of new counsel to the two classes of plaintiffs; that Plaintiff notify the Court of the naming of new counsel for the proposed plaintiff classes within ten (10) days of the date of this order; that the motion to certify Class 3 of plaintiffs be denied; and that the motion to certify the defendant class as proposed be denied.

DONE and ORDERED.