**In re Claude Joseph NOLETTO, Jr., Terry Lynn Noletto, Debtors.**

**Claude Joseph Noletto, Jr., Terry Lynn Noletto, Plaintiffs,**

**v.**

**NationsBanc Mortgage Corporation, Defendant.**

**Bankruptcy No. 98–13813–MAM–13. Adversary No. 99–1120.**

United States Bankruptcy Court, S.D. Alabama.

Dec. 29, 2000.

Steve Olen and Steven L. Nicholas, Mobile, AL, Donald J. Stewart, Mobile, AL, for Plaintiffs.

John Culver, Charlotte, NC, Jeffery J. Hartley, Mobile, AL, for Defendants.

## ORDER GRANTING CLASS CERTIFICATION MOTION

MARGARET A. MAHONEY, Chief Judge.

This case is before the Court on the Plaintiff's Motion for Class Certification pursuant to Rule 7023 of the Federal Rules of Bankruptcy Procedure. This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and the Court has the authority to enter a final order. For the reasons indicated below, the Court is granting certification of the requested class.

This Court has granted summary judgment to NationsBanc in a companion Order Granting Summary Judgment dated December 29, 2000. The Court granted summary judgment not because some of the claims asserted by the Nolettos do not have merit, but because the Nolettos did not have the capacity to raise the issues once their chapter 13 case was converted to chapter 7. The Court will not restate what is stated in the accompanying order, but incorporates its reasoning and ruling by reference.

Since the Nolettos do not have a present claim they can assert against NationsBanc, the question arises whether the entire case must be dismissed or whether a plaintiff with standing can be substituted for the Nolettos. The cases state that when a class representative's claim has been dismissed for mootness, even before class certification, a substitute plaintiff may be allowed. Some of the cases focus on the fact that mootness should not bar a case when the court has taken a long period of time to determine whether class certification is appropriate. *Graves v. Walton County Bd. of Education*, 686 F.2d 1135 (5th Cir.1982); *Comer v. Cisneros*, 37 F.3d 775 (2d Cir.1994). In this case, at the time the case was filed, the Nolettos were in chapter 13 and were proper plaintiffs under the theories set forth in the ruling in the summary judgment order dated December 29, 2000. The Court delayed the certification hearing to deal with jurisdictional issues and to allow discovery. Other cases focus on whether the plaintiff's claim was a viable one when the plaintiff moved

for class certification. *Holmes v. Pension Plan of Bethlehem Steel Corp.*, 213 F.3d 124 (3rd Cir.2000). The Nolettos moved for class certification at the filing of this case. Their claim was a viable one then and was only mooted later. Other cases discuss mootness which may occur when the harm dissipates during the normal time required for resolution of the controversy, i.e., trial and appeals. *Sosna v. Iowa*, 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975). The Nolettos' conversion is this type of problem. The U.S. Supreme Court has held that a plaintiff whose claim is mooted "due to an occurrence other than a judgment on the merits," even before class certification, does not lose his right to press the class certification claim. *U.S. Parole Commission v. Geraghty*, 445 U.S. 388, 402, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980). The Court, in the case of mootness of a claim such as the Nolettos' situation, held that even if the plaintiffs' claim is moot, "[t]he proposed representative retains a 'personal stake' in obtaining class certification sufficient to assure that Art. III values are not undermined." *Id.* at 404, 100 S.Ct. 1202. For all of these reasons, the mootness of the Nolettos' claim does not mean that the class cannot be certified. A new class representative may be substituted for the Nolettos.

The Court will now discuss what matters will be certified and under what provisions of Fed. R. Bankr.P. 7023 ("Rule 7023"). Preliminarily, the Court notes that the only charges at issue in this case now are the postpetition attorneys fees claimed by NationsBanc in chapter 13 debtor cases. Plaintiffs' counsel conceded at the trial of the class certification that no other fees or charges were at issue any longer.

The Court has broken the opinion into six parts. Part I sets forth the facts of the case. Part II discusses the requirements of Rule 7023(a). Part III discusses the requirements of Rule 7023(b). Part IV deals with the scope of the class—nationwide or not? Part V examines whether a class should be certified for plaintiffs whose only cause of action is that the fee charged to them is not reasonable under 11 U.S.C. § 506(b). Part VI discusses the issue of defining the class.

I.

The facts stated in the summary judgment order dated December 29, 2000 are incorporated by reference and will not be restated here. The Barrett Burke Wilson Castle Daffin & Frappier ("Barrett Burke") law firm filed a proof of claim in the Noletto case on March 6, 1999. The proof of claim does not disclose the fact that a fee for filing a proof of claim was added to the total amount owed to NationsBanc as reflected in the claim.

The amount was posted to the Nolettos' corporate advance account which includes fees and charges NationsBanc has incurred for the Noletto loan. NationsBanc asserts that the proof of claim fee is not added to the principal amount of the loan and does not accrue interest. The fees are not always collected at the termination of the loan.

The procedure followed in the Noletto case was the same or similar procedure followed by the Barrett Burke firm and NationsBanc in many districts in numerous other chapter 13 cases involving loans serviced by NationsBanc but owned by other investors such as Fannie Mae or Freddie Mac. The fee charged for filing the proof of claim is not disclosed to the debtor with any specificity. The same fee is charged in all cases (at present $125). The fee covers claim preparation and filing and perhaps other bankruptcy related services. Barrett Burke is not paid the fee on NationsBanc loans which are wholly owned

by the bank, but the fee was included in the proofs of claim filed for wholly owned loans anyway.

The same general procedure is used by other attorneys hired by NationsBanc to file proofs of claim in other areas of the country. The attorneys are instructed to include a fee for filing a proof of claim on the proof of claim form. If NationsBanc prepares the proof of claim itself internally, no fee is charged. There are thousands of debtors whose claims have been handled according to these procedures.

## II.

■ The first issue is whether a class of debtors should be certified under Fed. R. Bankr.P. 7023. There are four basic requirements that a case must meet for class certification pursuant to Rule 7023(a):

1. The class is so numerous that joinder of all members is impracticable (numerosity requirement);

2. There are questions of law or fact common to the class (commonality requirement);

3. The claims or defenses of the representative parties are typical of the claims or defenses of the class (typicality requirement); and

4. The representative parties will fairly and adequately protect the interests of the class (adequacy requirement).

*In re FIRSTPLUS Financial, Inc.,* 248 B.R. 60, 74 (Bankr.N.D.Tex.2000). Once the four requirements listed above are met, the class must then be categorized under one of the three class types found in Rule 7023(b). These plaintiffs are seeking to have the class certified under Rule 7023(b)(2) or (b)(3). The Court will discuss the requirements of Rule 7023(a) first and then discuss which section of Rule 7023(b) is the appropriate one for this class.

## A.

■ The numerosity standard requires proof that "the class is so numerous that joinder of all members is impracticable." Fed. R. Bankr.P. 7023(a)(1). The purpose of the requirement is so that class actions will be utilized only when a class action would resolve numerous claims. The test does not mean joinder would be impossible, only that it would be very difficult. *Bradley v. Harrelson,* 151 F.R.D. 422 (N.D.Ala.1993). The Nolettos seek to certify a class of debtors: (1) who had proofs of claim filed by NationsBanc in their cases which either disclosed charges for postpetition/preconfirmation fees or did not; (2) who had these same attorneys fees or other fees posted to their corporate advance accounts by NationsBanc; and (3) the fees were never approved by the bankruptcy court. The Court concludes certification of a class of debtors is appropriate. The class would be chapter 13 debtors (1) who had proofs of claim filed by NationsBanc in their cases which did not disclose charges for postpetition/preconfirmation fees at all or which did not disclose them with sufficient specificity to allow the fee to be treated as part of the arrearage claim; (2) who had no fee application filed by NationsBanc for postpetition fees; (3) who had these same attorneys fees posted to their accounts in some way by NationsBanc after filing bankruptcy; and (4) who confirmed a plan seeking to cure the debtor's mortgage arrearage through the plan. Based upon the evidence of the practices and procedures of NationsBanc and its outside counsel presented at the certification hearing, the Court concludes that nationwide there are likely thousands of debtors who fit the description stated above. The evidence at the hearing showed that a fee was paid to outside counsel to file claims in all but wholly owned loan cases. This fee was posted to

bankruptcy debtors' corporate advance accounts. In fact, the fee was posted to debtors' accounts even in the wholly owned loan cases, even though no fee was paid to an attorney. As stated in the summary judgment order in this case dated December 29, 2000, certain of the fees are not collectible from the debtor, except through a chapter 13 plan, and should not be posted to the debtor's account for later collection while the bankruptcy case is pending. Therefore, the numerosity requirement is satisfied. There will be hundreds or thousands of potential class members in all states. Generally, classes of more than 40–100 members satisfy the numerosity requirement. *Coca–Cola Bottling Co. v. Coca–Cola Co.*, 95 F.R.D. 168 (D.Del.1982). Due to the numbers, joinder of every one of them will be impracticable. *Ardrey v. Federal Kemper Ins. Co.*, 142 F.R.D. 105 (E.D.Pa.1992).

### B.

■ The commonality requirement requires that "there are questions of law or fact common to the class." Fed. R. Bankr.P. 7023(a)(2). Not all questions raised must be common to all litigants. *Cox v. American Cast Iron Pipe Co.*, 784 F.2d 1546 (11th Cir.), cert. denied, 479 U.S. 883, 107 S.Ct. 274, 93 L.Ed.2d 250 (1986). The plaintiffs allege that there are many common issues of law and fact in this case. The Court agrees. As to the potential class members, the facts show that NationsBanc, in most cases, either filed a proof of claim which listed the postpetition/preconfirmation fee claims solely as part of the balance owed on the mortgage without separately disclosing the fee; or did not disclose the fee with sufficient specificity to allow a debtor to know it was postpetition fee; or did not include it in the proof of claim at all. In all cases, the fee was posted to the debtors' corpo-

rate advance account. The common questions of law are, inter alia:

1. What disclosure of postpetition/preconfirmation fees is sufficient to satisfy notice requirements;

2. How much of any fee charged is a postpetition/preconfirmation fee;

3. Whether the fee was "provided for" in the debtor's chapter 13 plan;

4. Whether the fee should be expunged from the debtor's account.

The issues to be faced are not individualized to any great degree. Each of NationsBanc's counsel charged a set fee in the cases and followed a pattern or several patterns in dealing with postpetition/preconfirmation actions in chapter 13 bankruptcy cases. *Brown v. Pro Football, Inc.*, 146 F.R.D. 1 (D.D.C.1992). There is no choice of law issue involved since the only issues raised by the potential class are federal bankruptcy law issues. E.g., *In re Laser Arms Corp. Secs. Litig.*, 969 F.2d 15 (2d Cir.1992) (affirming lower court finding when state law claims were involved).

### C.

■ The third requirement to be met under Rule 7023(a)(3) is typicality. Rule 23(a)(3) requires that "[a] class representative's claims or defenses must be typical of the claims or defenses of the class." *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332 (11th Cir.), cert. denied, 470 U.S. 1004, 105 S.Ct. 1357, 84 L.Ed.2d 379 (1985). The purpose of this requirement is to prevent neglect of the interests of potential class members who have different claims than the class representatives. *Cox v. American Cast Iron Pipe Co.*, 784 F.2d 1546 (11th Cir.), cert. denied, 479 U.S. 883, 107 S.Ct. 274, 93 L.Ed.2d 250 (1986); *Peil v. National Semiconductor Corp.*, 86 F.R.D. 357 (E.D.Pa.1980).

The class representative's claim does not have to be identical to the claims of other potential class members. *Appleyard v. Wallace*, 754 F.2d 955 (11th Cir. 1985). It only must be similar. The legal theories upon which the class representative's and the potential class members' claims are based must also be similar. *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285 (2d Cir.1992).

In this case, the Nolettos' claims, before their conversion to chapter 7, were similar to all of the other potential class members and so were the legal theories upon which they were proceeding. Although the proofs of claim may have been handled differently by different attorneys, unless the postpetition/preconfirmation fees were properly disclosed on the proof of claim forms so they could be paid during the chapter 13 case, the relief sought is exactly the same in all cases—disallowance of the fee and removal of the fee from the class member's account. This satisfies the typicality requirement.

NationsBanc alleges that the class cannot be certified because of the bank's individual or unique defenses to each debtor's claim. NationsBanc contends it will have individualized defenses of waiver, laches, estoppel, and offset, and these defenses require individualized proof destroying typicality and commonality. The Eleventh Circuit has upheld a court's refusal to certify a class when one of the problems foreseen by the court was compulsory counterclaims. *Heaven v. Trust Co. Bank*, 118 F.3d 735 ( 11th Cir.1997). However, the Court has also upheld class certification where counterclaims were possible. *Roper v. Consurve, Inc.*, 578 F.2d 1106 ( 5th Cir.1978). The issue is whether the counterclaims or defenses make the class unmanageable or destroy the common legal and factual bases for class treatment.

NationsBanc's asserted defenses will not be an issue as plaintiffs seek to define the class in this case and the Court will allow certification. Unless the lender filed its claim with sufficient specificity to allow the claimed fee to be included in the arrearage payment under the plan, it cannot be charged and is not allowable under any circumstances. The debtor "provided for" arrearages in the plan. That is the only place they can be paid. If the creditor does not seek payment pursuant to the plan, the creditor cannot argue that it somehow obtained the debtor's consent to other treatment, i.e., through waiver, laches, estoppel or offset, unless the proof of claim specified clearly that a fee was being added to the claim and it was a postpetition and/or preconfirmation charge. If that was disclosed to the debtor, then the debtor is not a member of the class. If the fee was undisclosed or underdisclosed, the debtor lacked notice of any reason to object. Waiver, estoppel, and laches require relinquishment of a known right. *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938); *Matter of Garfinkle*, 672 F.2d 1340, 1347 (11th Cir.1982). Debtors did not know of the claim if it was not disclosed. NationsBanc has given the Court no examples of possible offsets. The Court assumes NationsBanc wants to credit any refunds to the mortgage arrears. If there is still an arrearage owed, the Court can utilize subclasses to deal with the issue or simply rule that a credit is to be applied to the arrearage. This offset right does not require individualized proof.

### D.

Fed. R. Bankr.P. 7023(a)(4) is the adequacy of representation requirement. The class representatives must be able to "fairly and adequately protect the interests of the class." Since a class action, if certified under Rule 7023(b)(2) will

bind even absent class members, it is very important to determine that the class representatives will sufficiently represent all of the class. *Kirkpatrick v. J.C. Bradford & Co.*, 827 F.2d 718 (11th Cir.1987). The determination of the adequacy of the class representative is made on the basis of several factors:

a. The class representative is a fiduciary for all class members so the representative cannot have divided loyalties. None were shown here.

b. The class representative must vigorously prosecute the class interests. *Horton v. Goose Creek Indep. School Dist.*, 690 F.2d 470 (5th Cir.1982); *Sanders v. Robinson Humphrey/American Express, Inc.*, 634 F.Supp. 1048 (N.D.Ga.1986), aff'd in part, rev'd in part, 827 F.2d 718 (11th Cir.1987). The Nolettos were interested in the action according to their deposition and their counsel are vigorously pursuing the claims.

c. The class member should have general knowledge about the case. This traditional requirement is being modified by many courts today because of the complexity of many of the class action suits. *In re Catfish Antitrust Litig.*, 826 F.Supp. 1019 (N.D.Miss.1993); *Peil v. National Semiconductor Corp.*, 86 F.R.D. 357 (E.D.Pa.1980). This court agrees that the knowledge of the plaintiffs does not have to be very high. Debtors are oftentimes not very sophisticated financially. They should not be required to understand the intricacies of the Bankruptcy Code or lending law. In the Noletto case, based upon their deposition, the Nolettos were sufficiently knowledgeable about their case to qualify.

d. The class representative must be honest. *Hall v. Burger King Corp.*, [1992 WL 372354, *9], 1992 U.S. Dist. LEXIS 18687, *28 (S.D.Fla., October 26, 1992). There is no allegation or evidence that the Nolettos are not honest.

e. The class representative must be credible. *Hall, supra* at *28[, 1992 WL 372354, *9]. Again, there is no contention otherwise.

f. The class representative is not related to counsel. *Pope v. City of Clearwater*, 138 F.R.D. 141 (M.D.Fla.1991). There is no evidence the Nolettos are related to any of the plaintiffs' counsel.

Some courts have looked at other issues in reviewing adequacy, but no others were raised in this case. The Court, having reviewed other requirements,[1] concludes that no other requirements are relevant to this case.

Therefore, the Court concludes that all the Fed. R. Bankr.P. 7023(a) requirements for certification of a class action are met and that this case may be certified if the Court finds that the case meets the requirements of either Rule 7023(b)(2) or Rule 7023(b)(3). This presumes that a substituted plaintiff meets this requirement.

---

1. Some courts consider other factors which this Court finds inappropriate to consider. The factors are (1) the financial capacity of the class representative, e.g., *Palmer v. BRG of Georgia, Inc.*, 874 F.2d 1417 (11th Cir. 1989); (2) antagonism between or among potential class members, *Payne v. Travenol Labs., Inc.*, 673 F.2d 798 (5th Cir.), cert. denied, 459 U.S. 1038, 103 S.Ct. 451, 74 L.Ed.2d 605 (1982); and (3) potential compulsory counterclaims against some class members, *Neely v. U.S.*, 546 F.2d 1059 (3d Cir.1976). A bankruptcy debtor obviously has little financial wherewithal to fund a suit. The costs have been absorbed to date by class counsel. No evidence has been produced to show that the costs have not been paid to date or will not be paid in the future. No antagonism among potential class members was shown. The compulsory counterclaims issue was dealt with in Part I.C. above.

## III.

### A.

■ Since the Court has concluded that a class can be certified under Fed. R. Bankr.P. 7023(a), the Court must now decide whether certification is more proper under Rule 7023(b)(2) or (b)(3). *Rutstein v. Avis Rent–A–Car Systems, Inc.*, 211 F.3d 1228 (11th Cir.2000). Rule 7023(b)(2) allows class certification if "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." The conduct of the defendant must be generally applicable to the class. *D'Arrigo Bros. Co. of New York, Inc. v. Freshville Produce Distributors, Inc.*, 1990 WL 310632, 1990 U.S. Dist. LEXIS 4230 (S.D.N.Y. Apr. 13, 1990). This is satisfied in this case because NationsBanc, through its counsel, dealt with bankruptcy proofs of claim in several repeated procedures. There were distinct patterns to the handling of the loans. Certification is improper if the merits of the claim turn on defendant's individual dealings with each plaintiff. *Bolin v. Sears, Roebuck & Co.*, 231 F.3d 970 (5th Cir.2000). In this case, a pattern predominates.

■ Second, injunctive relief must be appropriate. A certification under Rule 7023(b)(2) is not appropriate if "the appropriate final relief relates exclusively or predominantly to money damages." Fed. R.Civ.P. 23 Advisory Comm. Notes. However, a Rule 23(b)(2) certification is allowed if the monetary relief is merely incidental to the injunctive relief. *Id.* at 975; *Williams v. Lane*, 129 F.R.D. 636 (N.D.Ill. 1990). In fact, Professors Wright and Miller assert that a court should certify a class under Rule 23(b)(2) if injunctive or declaratory relief is requested at all. 7A Charles Alan Wright, Arthur R. Miller &

Mary Kay Kane, Federal Practice and Procedure § 1775 (2d ed.1986). In this case, injunctive relief is the predominant relief to be granted. *Bolin* is instructive on this point. It states:

> Damages may be incidental when they are "capable of computation by means of objective standards and not dependent in any significant way on the intangible, subjective differences of each class member's circumstances. Liability for incidental damages should not require additional hearings to resolve the disparate merits of each individual's case." (cite omitted)

*Bolin* at 976.

All debtors have had the attorneys fees posted to their corporate advance accounts, but most of them have not paid the fees yet, or have paid only part of them. Therefore, the major relief to be accorded them is to have the fee wiped off their account balances which is injunctive relief. Damages will only be paid to those who have had to pay part or all of the fees. The damages are clear and easily capable of computation. The damage is any amounts paid by the debtor to NationsBanc on these fees. There will be no need for additional individual hearings. *Bolin* at 977 ("refunding overcharges pursuant to a standard formula also may not require calculating the damages of each class member").

The Eleventh Circuit issued a recent decision, *Bowen v. First Family Financial Services, Inc.*, 233 F.3d 1331 (11th Cir. 2000), which considered the issue of when a plaintiff has standing to pursue claims for injunctive and declaratory relief. The Eleventh Circuit standard is that a plaintiff has standing only when he "allege[s] facts from which it appears there is a substantial likelihood that he will suffer injury in the future." *Id.* at 1340; *Malow-*

*ney v. Federal Collection Deposit Group,* 193 F.3d 1342, 1346–47 (11th Cir.1999). In *Bowen,* the plaintiff alleged that they were harmed by First Family's "practice of requiring customers to sign arbitration agreements before obtaining a consumer loan." *Bowen* at 1333. When the suit was filed alleging the need for injunctive and declaratory relief, there was no imminent threat of litigation with First Family. *Id.* at 1340 ("[t]he undeniable fact is that the vast majority of credit transactions such as the ones in this case do not result in litigation").

This case is distinguishable from the facts in *Bowen.* The creditor has taken an action which harms the debtor. It has posted the fee to some account connected to the debtor in its accounting system. It is true that most of the debtors have not paid the charge yet, but once posted, it may be paid at any time in the future. The creditor says the fee may never actually be collected, but this depends on the creditor and the course of the debtor's loan in the future. Once placed on the creditor's books, it will stay on its books until the creditor decides to remove it. The act of placing the charge on its books, when it has been incorrectly claimed, is improper. The fee is not owed. The fee should not be collected except through the bankruptcy plan unless the case is dismissed or relief from the stay is granted. To put the fee "on the books" anyway for possible collection postconfirmation or postdischarge is a present wrong, not a possible future wrong. Only an injunction removing the charge will cure it. The potential class members face the prospect of further harm—the collection of the fee—which is an enjoinable act. *Bolin* at 977 (finding a Rule 23(b)(2) class inappropriate where no further harm is expected).

Therefore, this section of Rule 7023(b) applies to this case. There is no need to discuss Rule 7023(b)(3) for that reason.

## IV.

■ As stated in the opinion dated February 15, 2000, in which the Court ruled that a bankruptcy court did have jurisdiction over a nationwide class, the Court cited to cases which stated that a bankruptcy court would have authority to issue an injunction which would have nationwide effect. *In re Noletto,* 244 B.R. 845 (Bankr.S.D.Ala.2000); *Williams v. Sears Roebuck & Co. (In re Williams),* 244 B.R. 858 (S.D.Ga.2000). Therefore certifying the class under Rule 7023(b)(2) for the main purpose of enjoining the defendant from collection of any postpetition/preconfirmation expenses outside of a bankruptcy plan and affirmatively requiring the defendant to expunge from the debtor's account any reference to such fees is within this Court's jurisdiction and dictates in favor of a nationwide class.

The defendant has asserted that a reason not to certify a nationwide class is the potential trampling upon the orders or procedures of other courts. This Court agrees that if a class certification would interfere with another bankruptcy court's power and jurisdiction and involve undermining final orders of that court, then this Court should not take jurisdiction, even if it could, and should define its class as district or statewide only to avoid the problem.[2] As the Court has parsed through the issues in this case, there will be no conflict with other courts or their orders in the class to be defined. The class will consist only of chapter 13 debtors who have not paid postpetition/preconfirmation fees through their chapter 13 plans; who may have paid the fees outside the plan; and have had the fees posted to

---

**2.** See Part V below.

their account with defendant in any way which might allow the fees to be collected from the debtor postdischarge. No interpretations of other courts' orders will be necessary beyond whether the fees were claimed and provided for in the plan. No monies will be paid to or from any court. Since the monies, if any, came directly from the debtors, and not the estate, the monies are due to be returned to the debtors. As far as this Court is aware, this ruling is not contrary to any ruling by any other court on how postpetition/preconfirmation arrearages are to be treated by creditors and debtors except the Tate decision from North Carolina.

This Court and Tate do not disagree on the basic premise that creditors cannot obtain postpetition/preconfirmation fees from chapter 13 debtors without disclosure. The Tate opinion and this opinion only conflict as to how the disclosure and request for payment needs to be made. Tate's standard is more stringent. For this reason, North Carolina debtors will be excluded from this Court's class. If any North Carolina debtors are mistakenly included, however, there will be no harm to the debtor or conflict with North Carolina precedent because the rulings overlap. Judge Whitley also ordered expungement from NationsBanc books of fees not allowed by court order and will require disgorgement of funds. Therefore, a nationwide class is appropriate excluding North Carolina.

## V.

The plaintiff seeks certification of a class pursuant to Count One of the complaint to determine, among other things, whether attorneys fees assessed to chapter 13 debtors for postpetition/preconfirmation work are reasonable. The request as stated would cover fees properly claimed with specificity in a proof of claim or application

for compensation as well as fees not disclosed in a proof of claim or application for compensation, or fees disclosed with insufficient specificity, i.e., fees added to principal balance, but not itemized; fees listed as "attorneys fees" without specifying whether they were prepetition or postpetition fees.

■ Fees which are not disclosed at all, fees which are not properly claimed with specificity, or are not included in the arrearage claim to be paid through the plan if the plan so provides, are per se unreasonable because they are improperly charged. A postpetition/preconfirmation fee is not owed until properly claimed. The relief sought in this type of case is declaratory and is subsumed in the Rule 7023(b)(2) class discussed above.

■ As to the reasonableness of fees in cases in which the proofs of claim were properly filed or an application for compensation was filed, the Court concludes that certification of a class of these debtors to determine reasonableness of fees would not be appropriate under Rule 7023(a). Rule 7023(a) sets forth the class numerosity, commonality, typicality, and adequacy requirements. The issue of reasonableness of fees does not meet the commonality or typicality requirements of Rule 7023(a)(2) ("there are questions of law or fact common to the class") and Rule 7023(a)(3) ("the claims or defenses of the representative parties are typical of the claims or defenses of the class"). E.g., *In re Laser Arms Corp. Sec. Litig.*, 969 F.2d 15 (2d Cir.1992) (finding no commonality under Rule 7023(a)(2) when various states' laws would have to be applied); *Swisher v. U.S.*, 189 F.R.D. 638 (D.Kan.1999) (finding different laws prevented typicality under Rule 7023(a)(3)). There are issues about how the bankruptcy claims processing is handled by the defendants which involve common issues of law and fact. For in-

stance, each claim is handled according to a pattern or procedure followed for all claims; the same fee is charged for each bankruptcy case; the same language is used in the proofs of claim. However, there are two major stumbling blocks as this Court sees it. One, in many cases, there are final court orders allowing the claims of the creditor, confirming the plans of debtors, or other orders treating the claims of the creditor. This Court does not intend to disturb final orders in bankruptcy cases in other districts. Whether such orders exist and what they mean creates individual fact questions in each case.[3] Two, reasonableness of fees depends in part on "customary compensation charged by comparably skilled practitioners in case other than cases under this title." 11 U.S.C. § 330(a)(3)(E) (1999). Fees which meet this standard may vary throughout the United States. *Blum v. Stenson,* 465 U.S. 886, 893, 897, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984); *Adcock–Ladd v. Secretary of Treasury,* 227 F.3d 343 (6th Cir.2000); *Gusman v. Unisys Corp.,* 986 F.2d 1146 (7th Cir.1993); *Scales v. J.C. Bradford and Co.,* 925 F.2d 901 (6th Cir. 1991); *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974). This issue creates individualized or at least regionalized fact issues. Due to the differing orders in the cases and the fact differences on customary rates, a class representative from any part of the country cannot be representative of a class composed of all debtors in the United States. Therefore, the Court will not certify a class of debtors whose only cause of action is that the fee charged was not reasonable.

## VI.

The Court has more or less defined the class to be certified in the opinion above.[4] However, the Court will ask plaintiffs' and defendants' counsel to each submit a proposed definition of the class to be certified in the case by January 31, *2001.* The Court will review the proposals and will then issue an order specifically defining the class.

THEREFORE IT IS ORDERED:

1. The plaintiff's motion for certification is GRANTED pursuant to this order;

2. Plaintiff's and defendant's counsel shall each submit proposed class definitions by January 31, *2001* so that the Court may issue an order specifically defining the certified class.

---

**3.** See, e.g., *In re O.D. Jones,* 271 B.R. 397 (Bankr.S.D.Ala.2000) (procedures for handling chapter 13 cases vary from district to district).

**4.** The Court will not include the Western District of North Carolina in any class it certifies as to NationsBanc. That district is bound by the class action ruling in the *Tate* case. *Tate v. NationsBanc Mortgage Corp. (In re Tate),* 253 B.R. 653 (Bankr.W.D.N.C.2000).