**In re Roland E. HARRIS, Debtor.**

**Betty Ann Dean, Plaintiff,**

v.

**First Union Mortgage Corporation, Defendant.**

**Bankruptcy Nos. 96–14029–MAM–13, 00–11321–MAM–13. Adversary No. 99–1144.**

United States Bankruptcy Court, S.D. Alabama.

Aug. 3, 2001.

Steve Olen, Steven L. Nicholas, Donald J. Stewart, Mobile, AL, for Plaintiffs.

Russell J. Pope, Towson, MD, and John N. Leach, Mobile, AL, for Defendant.

## ORDER GRANTING CLASS CERTIFICATION MOTION

MARGARET A. MAHONEY, Chief Judge.

This matter is before the Court on the Plaintiff's Motion for Class Certification pursuant to Rule 7023 of the Federal Rules of Bankruptcy. This Court has jurisdiction to hear this case pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and the Court has the authority to issue a final order. For the reasons indicated below, the Court is granting certification of the requested class.

### FACTS

The Court will not repeat what was already stated in the December 29, 2000 order granting summary judgment and the July 25, *2001* order denying summary judgment as to Betty Ann Dean. The findings of fact of the December 29, 2000 order and the July 25, *2001* order are incorporated by reference and will be specifically referred to as needed.

### LAW

#### A.

█ First Union contends that Ms. Dean has no standing because she has not suffered any injury. First Union asserts that there has been no injury because First Union's attempt to obtain this Court's approval of the disputed fee was disallowed by a prior conditional denial order and First Union has never collected or attempted to collect the fee. As this Court explained in the summary judgment order, the order conditionally denying relief from stay did not allow or disallow the proof of claim fee. Further, although the fee has not been collected from Dean, the fee was posted to Dean's account and remains posted. Therefore, Dean's request that the fee be removed from her account is a viable action.

#### B.

First Union further asserts that Dean does not fall within the definition of the class she seeks to have certified. First Union argues that the class does not include debtors with disputes over attorneys fees for which First Union has made specific application or motion and for which a specific order approving or denying the fees has been entered. First Union is referring again to the conditional denial order discussed above in section A. As explained in the order denying summary judgment, the conditional denial order did not specifically approve or deny the proof of claim attorneys fee.

#### C.

First Union asserts that injunctive relief is not an appropriate remedy in this case.

This court addressed this issue in the summary judgment order by citing to prior opinions. See *In re Sheffield*, 281 B.R. 24, Order Granting Class Certification, (Bankr.S.D.Ala.2000). Injunctive relief is an appropriate remedy here.

### D.

■ First Union also asserts that Plaintiff has not satisfied Fed. R. Bankr.P. Rule 7023(a). There are four basic requirements that a case must meet for class certification pursuant to Rule 7023(a):

1. The class is so numerous that joinder of all members is impracticable (numerosity requirement);

2. There are questions of law or fact common to the class (commonality requirement);

3. The claims or defenses of the representative parties are typical of the claim or defenses of the class (typicality requirement); and

4. The representative parties will fairly and adequately protect the interests of the class (adequacy requirement).

*In re FIRSTPLUS Financial, Inc.*, 248 B.R. 60, 74 (Bankr.N.D.Tex.2000). The Court will discuss these four requirements in turn.

### 1.

■ The numerosity standard requires proof that "the class is so numerous that joinder of all members is impracticable." Fed. R. Bankr.P. 7023(a)(1). The purpose of the requirement is so that class actions will be utilized only when a class action would resolve numerous claims. The test does not mean joinder would be impossible, only that it would be very difficult. *Bradley v. Harrelson*, 151 F.R.D. 422 (N.D.Ala.1993). Ms. Dean seeks to certify a class of debtors (1) who had

proofs of claim filed by First Union in their cases which either disclosed charges for postpetition/preconfirmation fees or did not; (2) who had these same attorneys fees or other fees posted to their accounts by First Union after filing bankruptcy; and (3) the fees were never approved by the bankruptcy court. The Court concludes certification of a class of debtors is appropriate. The class would be chapter 13 debtors (1) who had proofs of claim filed by First Union in their cases which did not disclose charges for postpetition/preconfirmation fees at all or which did not disclose them with sufficient specificity to allow the fee to be treated as part of the arrearage claim; (2) who had no fee application filed by First Union for postpetition/preconfirmation fees; (3) who had these same attorneys fees posted to their accounts in some way after filing bankruptcy; and (4) who confirmed a plan seeking to cure any mortgage arrearage through the plan. Based upon the evidence of the practices and procedures of First Union, the Court concludes that nationwide there are likely hundreds or thousands of debtors who fit the description stated above. The evidence showed that until at least 1993, First Union's general practice was to prepare its proofs of claim in-house with its own employees and it did not charge any fee to the bankruptcy debtor's loan accounts. At some point, First Union began to outsource some of its proofs of claim to outside attorneys and charge a proof of claim fee. It was First Union's policy not to disclose the proof of claim fees on the proofs of claim and its attorneys have been so instructed in writing. There will be hundreds or thousands of potential class members in all states. Generally, classes of more than 40–100 members satisfy the numerosity requirement. *Coca–Cola Bottling Co. v. Coca–Cola Co.*, 95 F.R.D. 168 (D.Del.1982). Due to the numbers, joinder

of every one of them will be impracticable. *Ardrey v. Federal Kemper Ins. Co.,* 142 F.R.D. 105 (E.D.Pa.1992).

### 2.

■ The commonality requirement requires that "there are questions of law or fact common to the class." Fed. R. Bankr.P. 7023(a)(2). Not all questions raised must be common to all litigants. *Cox v. American Cast Iron Pipe Co.,* 784 F.2d 1546 (11th Cir.) cert. denied, 479 U.S. 883, 107 S.Ct. 274, 93 L.Ed.2d 250 (1986). The plaintiffs allege that there are many common issues of law and fact in this case. The Court agrees. Although First Union used various law firms to prepare its proofs of claim, the proof of claim fees paid by First Union to its attorneys were uniformly charged to the bankruptcy debtors' accounts. It was First Union's policy not to disclose the proof of claim fees on the proofs of claim and its attorneys had been so instructed in writing. The common questions of law and fact include:

1. What disclosure of postpetition/prepetition fees is sufficient to satisfy notice requirements or is complete nondisclosure appropriate;

2. How much of any fee charged is a postpetition/preconfirmation fee;

3. Whether the fee should be expunged from the debtor's account.

The issues to be faced are not individualized to any great degree. Any debtor who was not charged a proof of claim fee would not be included in the class. First Union asserts that the charging of the fee "is just a data entry, the further disposition of which turns on many and varied factors." First Union points to the fact that many of the fees posted to debtors' accounts for various reasons are never paid. As discussed in section A. above, debtors have a viable action if the fees where posted to debtors' accounts and re-

main posted. Liability does not turn on whether or not the fees will always be collected and collected in the same manner. As long as the fee remains on a debtor's account, debtor is exposed to the possibility that debtor will be forced to pay the fee.

### 3.

■ The third requirement to be met under Rule 7023(a)(3) is typicality. Rule 23(a)(3) requires that "[a] class representative's claims or defenses must be typical of the claims or defenses of the class." *Kornberg v. Carnival Cruise Lines, Inc.,* 741 F.2d 1332 (11th Cir.), cert. denied, 470 U.S. 1004, 105 S.Ct. 1357, 84 L.Ed.2d 379 (1985). The purpose of this requirement is to prevent neglect of the interests of potential class members who have different claims than the class representatives. *Cox v. American Cast Iron Pipe Co.,* 784 F.2d 1546 (11th Cir.) cert. denied, 479 U.S. 883, 107 S.Ct. 274, 93 L.Ed.2d 250 (1986); *Peil v. National Semiconductor Corp.,* 86 F.R.D. 357 (E.D.Pa.1980). The class representative's claim does not have to be identical to the claims of other potential class members. *Appleyard v. Wallace,* 754 F.2d 955 (11th Cir.1985). It only must be similar. The legal theories upon which the class representative's and the potential class members' claims are based must also be similar. *In re Drexel Burnham Lambert Group, Inc.,* 960 F.2d 285 (2d Cir. 1992).

In this case, Ms. Dean's claims are similar to all of the other potential class members and so are the legal theories upon which she is proceeding. Although the proofs of claim may have been handled differently by different attorneys, unless the postpetition/preconfirmation fees were properly disclosed on the proof of claim forms, the relief sought is the same in all cases—disallowance of the fee and removal

of the entire fee from the class member's account. This satisfies the typicality requirement. First Union asserts that Ms. Dean's claim can not be typical because Dean does not have standing to raise the claim and does not fall within the class. As discussed above in sections A and B, Dean does have standing and is a member of the class.

### 4.

 Fed. R. Bankr.P. 7023(a)(4) is the adequacy of representation requirement. The class representative must be able to "fairly and adequately protect the interests of the class." The determination of the adequacy of the class representative is made on the basis of several factors.

a. The class representative is a fiduciary for all class members so the representative cannot have divided loyalties. None were shown here.

b. The class representative must vigorously prosecute the class interests. *Horton v. Goose Creek Indep. School Dist.*, 690 F.2d 470 (5th Cir.1982); *Sanders v. Robinson Humphrey/American Express, Inc.*, 634 F.Supp. 1048 (N.D.Ga.1986), aff'd in part, rev'd in part, 827 F.2d 718 (11th Cir.1987). Ms. Dean maintained in her affidavit that she was interested in establishing that First Union "wrongfully assessed and/or collected these proof of claim fees from me and other members of the proposed class." In addition, Ms. Dean's counsel is vigorously pursuing the claims.

c. The class member should have general knowledge about the case. This traditional requirement is being modified by many courts today because of the complexity of many of the class action suits. *In re Catfish Antitrust Litig.*, 826 F.Supp. 1019 (N.D.Miss.1993); *Peil v. National Semiconductor Corp.*, 86 F.R.D. 357 (E.D.Pa.1980). This Court agrees that the knowledge of the plaintiffs does not have to be very high. Debtors are oftentimes not very sophisticated financially. They should not be required to understand the intricacies of the Bankruptcy Code or lending law. Ms. Dean is sufficiently knowledgeable about her case to qualify.

d. The class representative must be honest. *Hall v. Burger King Corp.*, 1992 WL 372354, *9, 1992 U.S. Dist. LEXIS 18687, *28 (S.D.Fla. Oct. 26, 1992). There is no allegation or evidence that Ms. Dean is not honest.

e. The class representative must be credible. *Hall, supra* at *9. Again, there is no contention otherwise.

f. The class representative is not related to counsel. *Pope v. City of Clearwater*, 138 F.R.D. 141 (M.D.Fla.1991). There is no evidence Ms. Dean is related to any of the plaintiffs' counsel.

Some courts have looked at other issues in reviewing adequacy, but this Court concludes that no other requirements are relevant to this case. See *In re Sheffield*, 281 B.R. 24, Order granting class certification motion (Bankr.S.D.Ala.2000).

### E.

 Since the Court has concluded that the requirements of Fed. R. Bankr.P. 7023(a) have been met, the Court must now determine whether certification is proper under Rule 7023(b)(2) or (b)(3). *Rutstein v. Avis Rent–A–Car Systems, Inc.*, 211 F.3d 1228 (11th Cir.2000). Rule 7023(b)(2) allows class certification if "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." The conduct of the defen-

dant must be generally applicable to the class. *D'Arrigo Bros. Co. of New York, Inc. v. Freshville Produce Distributors, Inc.*, 1990 U.S. Dist. LEXIS 4230, 1990 WL 310632 (S.D.N.Y. Apr. 13, 1990). This is satisfied in this case because First Union, through its counsel, dealt with bankruptcy proofs of claim in several repeated procedures. There were distinct patterns to the handling of the loans. Certification is improper if the merits of the claim turn on defendant's individual dealings with each plaintiff. *Bolin v. Sears, Roebuck & Co.*, 231 F.3d 970 (5th Cir.2000). In this case a pattern predominates.

■ Second, injunctive relief must be appropriate. A certification under Rule 7023(b)(2) is not appropriate if "the appropriate final relief relates exclusively or predominantly to money damages." Fed. R.Civ.P. 23 Advisory Comm. Notes. However, a Rule 23(b)(2) certification is allowed if the monetary relief is merely incidental to the injunctive relief. *Id.* at 975–76; *Williams v. Lane*, 129 F.R.D. 636 (N.D.Ill.1990). In fact, Professors Wright and Miller assert that a court should certify a class under Rule 23(b)(2) if injunctive or declaratory relief is requested at all. 7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1775 (2d ed.1986).

In this case, injunctive relief is the predominant relief to be granted. *Bolin* is instructive on this point. It states:

> Damages may be incidental when they are "capable of computation by means of objective standards and not dependent in any significant way on the intangible, subjective differences of each class member's circumstances. Liability for incidental damages should not require additional hearings to resolve the dispa-

rate merits of each individual's case." (cite omitted)

*Bolin* at 976.

All debtors to be included in the class have had their fees posted to their accounts, but most of them have not paid the fees yet. Therefore, the major relief to be accorded them is to have the fee wiped off their account balances, which is injunctive relief. Damages will only be paid to those who have had to pay part or all of the fees. The damages are clear and easily capable of computation. The damage is any amounts paid by a debtor to First Union on these fees. There will be no need for additional individual hearings. *Bolin* at 977 ("refunding overcharges pursuant to a standard formula also may not require calculating the damages of each class member").

The Eleventh Circuit issued a recent decision, *Bowen v. First Family Financial Services, Inc.*, 233 F.3d 1331 (11th Cir. 2000), which considered the issue of when a plaintiff has standing to pursue claims for injunctive and declaratory relief. The Eleventh Circuit standard is that a plaintiff has standing only when he "allege[s] facts from which it appears there is a substantial likelihood that he will suffer injury in the future." *Id.* at 1340 (citations omitted). In *Bowen*, the plaintiffs alleged that they were harmed by First Family's "practice of requiring customers to sign arbitration agreements before obtaining a consumer loan." *Bowen* at 1331. When the suit was filed alleging the need for injunctive relief, there was no imminent threat of litigation with First Family. *Id.* at 1340 ("[t]he undeniable fact is that the vast majority of credit transactions such as the ones in this case do not result in litigation").

This case is distinguishable from the facts in *Bowen*. The creditor has taken an action which harms the debtor. It has

posted the fee to some account connected to the debtor in its accounting system. It is true that most of the debtors have not paid the charge yet, but once posted, it may be paid at any time in the future. The creditor says the fee may never actually be collected, but this depends on the creditor and the course of the debtor's loan in the future. Once placed on the creditor's books, it will stay on its books until the creditor decides to remove it. The act of placing the charge on its books, when it has been incorrectly claimed, is improper. The fee is not owed. The fee should not be collected except through the bankruptcy plan unless the case is dismissed or relief from the stay is granted. To put the fee "on the books" anyway for possible collection postconfirmation or postdischarge is a present wrong, not a possible future wrong. Only an injunction removing the charge will cure it. The potential class members face the prospect of further harm—the collection of the fee—which is an enjoinable act. *Bolin* at 977 (finding a Rule 23(b)(2) class inappropriate where no further harm is expected). Therefore, this section of Rule 7023(b) applies to this case. There is no need to discuss Rule 7023(b)(3) for that reason.

### F.

■ First Union asserts that a nationwide class would be inappropriate. As stated in the opinion dated February 15, 2000, in which the Court ruled that a bankruptcy court did have jurisdiction over a nationwide class, the court cited to cases which stated that a bankruptcy court would have authority to issue an injunction which would have nationwide effect. *In re Noletto*, 244 B.R. 845 (Bankr.S.D.Ala. 2000); *Williams v. Sears Roebuck & Co. (In re Williams)*, 244 B.R. 858 (S.D. Ga 2000). Therefore certifying a class under Rule 7023(b)(2) for the main purpose of enjoining the defendant from collection of any postpetition/preconfirmation expenses outside of a bankruptcy plan and affirmatively requiring the defendant to expunge from the debtor's account any reference to such fees is within this Court's jurisdiction and dictates in favor of a nationwide class.

The defendant has asserted that a reason not to certify a nationwide class is the potential for trampling upon the orders or procedures of other courts. This Court agrees that if a class certification would interfere with another bankruptcy court's power and jurisdiction and involve undermining final orders of that court, then this Court should not take jurisdiction, even if it could, and should define its class as district or statewide to avoid the problem. As the Court has parsed through the issues in this case, there will be no conflict with other courts or their orders in the class to be defined. Most of the class will consist of chapter 13 debtors who have not paid postpetition/preconfirmation fees through their chapter 13 plans; who may have paid the fees outside the plan; and have had the fees posted to their account with defendant in any way which might allow the fees to be collected from the debtor postdischarge. No interpretations of other courts' orders will be necessary beyond whether the fees were claimed and provided for in the plan. No monies will be paid to or from any court. Since the monies, if any came directly from the debtors, and not the estate, the monies are due to be returned to the debtors. As far as this Court is aware, this ruling is not contrary to any ruling by any other court on how postpetition/preconfirmation arrearages are to be treated by creditors and debtors except the Tate opinion from North Carolina.

This Court and Tate agree on the basic premise that creditors cannot obtain postpetition/preconfirmation fees from chapter 13 debtors without disclosure. The Tate

opinion and this opinion only conflict as to how the disclosure and request for payment needs to be made. Tate's standard is more stringent. For this reason, North Carolina debtors will be excluded from this Court's class. If any North Carolina debtors are mistakenly included, however, there will be no harm to the debtor or conflict with North Carolina precedent because the rulings overlap. Judge Whitley also ordered expungement of the fees not allowed by court order and will require disgorgement of funds. Therefore, a nationwide class is appropriate excluding North Carolina.

For any class members who have paid the fee through the plan there is still no conflict with other courts' orders or procedures. A fee which is charged, but not fully disclosed to the debtor is not owed. See *In re Sheffield*, Case No. 97–10511, Adv. No. 99–1124, Order denying summary judgment (Bankr.S.D.Ala.2000). Therefore requiring the creditor to refund the money to the chapter 13 trustee, if the case is still pending, or to the debtor if the case is completed, will not create any conflicts with other courts.

### G.

As to Count One of the complaint to determine, among other things, whether attorneys fees assessed to chapter 13 debtors for postpetition/preconfirmation work are reasonable. The request as stated would cover fees properly claimed with specificity in a proof of claim or application for compensation as well as fees not disclosed in a proof of claim or application for compensation, or fees disclosed with insufficient specificity without specifying whether they were prepetition or postpetition fees.

 Fees which are not disclosed at all, fees which are not properly claimed with specificity, or are not included in the arrearage claim to be paid through the plan if the plan so provides, are per se unreasonable because they are improperly charged. A postpetition/preconfirmation fee is not owed until properly claimed. The relief sought in this type of case is declaratory and is subsumed in the Rule 7023(b)(2) class discussed above.

 As to the reasonableness of fees in cases in which the proofs of claim were properly filed or an application for compensation was filed, the Court concludes that certification of a class of these debtors to determine reasonableness of fees would not be appropriate under Rule 7023(a). Rule 7023(a) sets forth the class numerosity, commonality, typicality, and adequacy requirements. The issue of reasonableness of fees does not meet the commonality or typicality requirements of Rule 7023(a)(2) ("there are questions of law or fact common to the class"); e.g., *In re Laser Arms Corp. Sec. Litig.*, 969 F.2d 15 (2d Cir.1992) (finding no commonality under Rule 7023(a)(2) when various states' laws would have to be applied); *Swisher v. U.S.*, 189 F.R.D. 638 (D.Kan.1999) (finding different laws prevented typicality under Rule 7023(a)(3)). There are issues about how the bankruptcy claims processing is handled by the defendants which involve common issues of law and fact. However, there are two major stumbling blocks as this Court sees it. One, in many cases, there are final court orders allowing the claims of the creditor, confirming the plans of debtors, or other orders treating the claims of the creditor. This Court does not intend to disturb final orders in bankruptcy cases in other districts. Whether such orders exist and what they mean creates individual fact questions in each

case.[1] Two, reasonableness of fees depends in part on "customary compensation charged by comparably skilled practitioners in cases other than cases under this title." 11 U.S.C. § 330(a)(3)(E)(1999). Fees which meet this standard may vary throughout the United States. *Blum v. Stenson*, 465 U.S. 886, 893, 897, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984); *Adcock–Ladd v. Secretary of Treasury*, 227 F.3d 343 (6th Cir.2000); *Gusman v. Unisys Corp.*, 986 F.2d 1146 (7th Cir.1993); *Scales v. J.C. Bradford and Co.*, 925 F.2d 901 (6th Cir. 1991); *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974). This issue creates individualized or at least regionalized fact issues. Due to the differing orders in the cases and the fact differences on customary rates, a class representative from any part of the country cannot be representative of a class composed of all debtors in the United States. Therefore, the court will not certify a class of debtors whose only cause of action is that the fee charged was not reasonable.

THEREFORE, IT IS ORDERED:

1. The Plaintiff's motion for certification is GRANTED pursuant to this order.

2. Plaintiff's and defendant's counsel shall each submit proposed class definitions by August 31, *2001* so that the Court may issue an order specifically defining the certified class.

---

1. See, e.g. *In re O.D. Jones*, 271 B.R. 397 (Bankr.S.D.Ala.2000) (procedures for handling chapter 13 cases vary from district to district).