**In re Michael F. POWE, Debtor.**

**Michael F. Powe, Plaintiff,**

**Theresa Moore Ballard, Intervenor,**

v.

**Chrysler Financial Corporation, L.L.C., Defendant.**

**Bankruptcy Nos. 98–10935–MAM–13, 98–13377–WSS–13.**
**Adversary No. 99–1121.**

United States Bankruptcy Court, S.D. Alabama.

May 10, 2002.

---

**6.** Interestingly, the Bank does not contend that Dr. Smith falsely represented the value of these interests.

Steve Olen, Steven L. Nicholas, Donald J. Stewart, Mobile, Alabama, for Plaintiffs.

C. Lee Reeves, E. Barry Johnson, Birmingham, Alabama, Rhonda L. Nelson, San Francisco, California, for Chrysler Financial Corp, LLC.

### ORDER GRANTING JUDGMENT TO CHRYSLER FINANCIAL CORPORATION

MARGARET A. MAHONEY, Chief Judge.

This matter came before the Court for trial the week of December 10, 2001. The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. This is a core proceeding pursuant to 28 U.S.C. § 157(b) and the Court has the authority to enter a final order. For the reasons indicated below, the Court is granting a judgment in favor of the defendant, Chrysler Financial Corporation, L.L.C.

### FACTS

Michael Powe filed a chapter 13 bankruptcy case on March 12, 1998. He had a 1994 Plymouth Grand Voyager vehicle secured by a loan to Chrysler Financial Corporation ("CFC."). CFC was listed as a creditor of Powe in his schedules. Powe

valued his vehicle at $15,000 and listed CFC's claim at $14,000. On April 14, 1998, CFC filed a proof of claim listing a total debt owed by Powe of $11,878.13. There was a handwritten notation at Box 5 of the claim that read "Includes $225.00 Atty fees." Powe was in default on his loan prepetition. Also on April 14, 1998, Chrysler filed an objection to the debtor's plan which stated "As an over-secured creditor, Chrysler's proof of claim includes $225.00 in reasonable attorney fees to which Chrysler is entitled both under the terms of the Loan Documents and the Bankruptcy Code." The objection to confirmation was settled and Chrysler withdrew its objection to the plan. Chrysler and Powe agreed Chrysler would be paid $14,580 over the life of the plan at $250 per month in full satisfaction of all amounts due.

Irvin Grodsky, the debtor's attorney, stated that attorney fees were never discussed with the attorney for Chrysler. Powe and Grodsky were only concerned about the affordability of the monthly payment.

This adversary case was filed on July 1, 1999. In July 2000, Powe defaulted for the first time postpetition on his plan payments. The Court held a hearing on August 2, 2000, at which time Chrysler and Powe settled the matter. The Court indicated that Chrysler was entitled to an attorneys fee and costs. Chrysler stated that it struggled with how to word the order in regard to the settlement because it usually did not assess additional fees against a debtor for a relief from stay motion. Powe's counsel was unaware of Chrysler's position. The order presented to the Court requested a $225.00 attorneys fee and disclosed that it was the same fee included in Chrysler's proof of claim as

part of the $14,580. The Court entered the order on August 15, 2000. On December 6, 2001, Powe surrendered the car to Chrysler after again becoming delinquent.

Mr. Powe is employed by the Mobile Public Schools and has a master's degree in business. He attended part of the trial in this suit, although not all of it. He has not read any of the pleadings or discovery in the case other than his own deposition. He has a very general understanding of the case.

Theresa Moore Ballard was Theresa Moore throughout most of her case.[1] She filed her chapter 13 case on September 18, 1998. She had a loan to Chrysler Financial Corporation secured by a 1994 Plymouth Voyager van. She listed her debt to Chrysler in her schedules at $7,600. Chrysler filed a proof of claim for $8,220 which stated that it "includes attorney's fees of $225 and precomputted (sic) interest of 8.75." The claim form was signed and filed by a paralegal in the office of Dreher, Langer & Tomkies of New Orleans, Louisiana.

Chrysler did not object to Moore's plan and it was confirmed on March 22, 1999. Chrysler subsequently filed a motion for relief from stay that indicated Moore had failed to provide information about insurance on the vehicle. The motion was denied based upon Moore maintaining insurance. A second relief from stay motion was filed by Chrysler when Moore fell behind in her plan payments. Moore caught up the payments and Chrysler dismissed the motion. On January 18, 2001, Moore paid off her chapter 13 plan and subsequently received a discharge. This payoff occurred after a meeting on the same day with her bankruptcy counsel and class action counsel about the possibility of

---

1. Ms. Moore married about the time she paid off her chapter 13 case. Since her file is labeled Theresa Moore, the Court will call her that in this opinion.

Moore joining this suit. At payoff, she was aware she was paying Chrysler's attorneys fees as well. However, in order to obtain a discharge, Moore had to pay off the entire balance owed to the chapter 13 trustee. On January 19, 2001, Moore moved to intervene in the suit.

Chrysler paid the Dreher law firm a flat fee of $275 for all of its services in the Moore bankruptcy case. Local counsel was paid $300 for two appearances at relief from stay hearings. The Dreher firm, not Chrysler, paid those fees.

Moore attended part of the trial, but not all of it. She has not read any of the pleadings in the case. She understands the nature of the lawsuit in very general terms only.

### CHRYSLER PRACTICES

Chrysler has had an ever increasing number of chapter 13 cases filed by debtors who claim Chrysler as one of their creditors. In 1996, about 5,000 chapter 13 cases nationwide involved Chrysler. In 2001, 12,000 cases involved Chrysler. Since 1994, an average 5,000 cases per year involving Chrysler debt have been filed (or 40,000 cases). Chrysler estimates that about 20% of chapter 13 debtors completed their plans and got a discharge (or 9,000 cases) since 1994.

Since at least 1994, Chrysler has hired an ever decreasing number of law firms to handle its bankruptcy cases nationwide. In 1996, there were 134 firms used by Chrysler. In 1996, that number had contracted to 24. As of January 1, 2002, there were 19 firms. Firms submit bids for the work and, at this time, firms that are chosen work on flat fees—one charge for all work required in a case. That fee varies depending upon the part of the country served. Flat fees have lowered Chrysler's costs of handling bankruptcy matters and have lowered the fees charged to debtors overall.

The attorneys must follow the Bankruptcy Performance Standards established by Chrysler. However, the standards do not state whether or when counsel may or should request attorneys fees or costs in chapter 13 cases. The standards do not require that disclosure of fees (if requested) be made in any particular form. In fact, Chrysler's designated corporate representative, Richard Engel, did not know before the commencement of this suit that outside counsel were adding postpetition fees to some claims despite his extensive bankruptcy experience at Chrysler.

Chrysler did not receive copies of proofs of claim from counsel. The company kept track of each debtor's debt based upon its own internal numbers. If money was received from a debtor in excess of what Chrysler's records showed was owed, Chrysler credited the funds to an interest income category. There is no way that Chrysler knows if this money is an attorneys fee or interest income. Attorneys fees claimed in a proof of claim are paid if the chapter 13 case is paid in full.

### CHRYSLER'S OUTSIDE COUNSEL PRACTICES

Because the Bankruptcy Performance Standards did not address the issue of attorneys fees, outside counsel for Chrysler have taken varied approaches to disclosure of their postpetition flat fees. In some cases, the fee was included with a notation on the claim form such as "includes attorneys fees of $225,[2]

---

**2.** Plaintiffs' Exhibits 91–95, 108, 106, Tab 1, 104, Tab 5, proofs of claim of Dreher, Langer & Tomkies, L.L.P. and Draper & Culpepper

(at least one proof of claim stated no amount. It just stated it included "Attorneys Fees");

$290,[3] $325,[4] $410,[5] $315–350 and other sums."[6, 7] In still other cases, fees were disclosed as postpetition attorneys fees.[8] In others, attorneys fees were only included in a claim after a court order was entered specifically approving the fees.[9]

Exhibit 104, all tabs disclose that attorneys fees are assessed and most state amounts.

3. Plaintiffs' Exhibit 114, Tab 3, Proof of claim of Hale, Headrick, Dewey, Wolf, Golwen, Thornton & Chance PLLC. (Ark., E.D.N.C., M.D.N.C.), Plaintiffs' Exhibit 104, Tab 2, Hale, Headrick, Dewey, Wolf, Golwen, Thornton & Chance PLLC. (lists fees as "attorneys fees") (Ark., Miss., Va., N.C. and S.C.) Tab 3, Porter & Hedges (S.D.Tex.) (all state attorneys fees charged, some claims state amount.); Plaintiffs' Exhibit 114, Tabs 5–8, (W.D.N.C., S.C., E.D.Tenn., E.D.Va., W.D.Va.) (states amount and "attorney fees"); Tabs 9–10, Riezman Berger PC (states amount and "attorneys fees") (Ill.); Tab 11, 12, 13 & 14, Mapother & Mapother (Ky., Ind.) (includes amount and "attorney fees"); Tab 15, Kim Wilson (Utah) (includes amount and "legal fees"); Tab 16 & 17, Lyons, Doughty & Veldhuis (N.J., Del.) (no amount but states "attorney fees"); Tab 18–21, Dreher, Langer & Tomkies, L.L.P. (Miss., La.) (includes amount and "ATTY FEES" or "attorney fees"); Tab 22, P. Michael Richardson (N.D.Tenn.) (includes amount and "attorneys' fee"); Tab 23, David E. Drexler (W.D.Tenn.) (includes amount and "attorney fee").

4. Plaintiffs' Exhibit 104, Tab 4, Shermeta, Chemko & Adams (E.D.Mich.).

5. Plaintiffs' Exhibit 104, Tab 3, Porter & Hedges (S.D.Tex.).

6. Plaintiffs' Exhibit 104, Tab 7, Engel, Hairson & Johanson, P.C. (N.D.Ala.) (no amount but states "attorney fees" included); Tab 8, Kim Wilson (Utah) (no amount but states "includes legal fees"); Tab 9, Lyons, Doughtry & Veldhuis (N.J. and Pa.) (no amount but states includes "attys fees"); Tab 10, Holland & Knight (N.D.Ga.) ("$275 attorney fees"); Tab 11, Riezman & Blitz, P.C. (Ill.) ($300 "atty. fees" or "attorney fee" or "atty's fee" or "attorney's fees"); Tab 12, Steven D. Lipsey (E.D.Tenn.) ($250 "Atty fee"); Tab 13, Stiles & Harbison (W.D.Ky.) ($190–200 "attorney fees") (S.D. Ill. and E.D. Ky.) (no amount but states "attorney's fees" or "atty fees"); Tab 15, George Rigely (W.D.Tex.) ($150 "atty.

In other cases, where Chrysler was unsecured or undersecured, no attorneys fee was added.[10] In some cases, no fees were disclosed and Chrysler indicated it was fully secured.[11, 12]

fee"); Tab 17, Michael L. Loyd & Assoc. (E.D. Okla. and W.D. Okla.) ($200–350 "attorney fees"); Tab 18, Carlton Fields (S.D.Fla.) (no amount but states "attorneys' fees").

7. Plaintiffs' Exhibit 104, Tab 6, Mapother & Mapother (Ind., Ky., Ohio).

8. Exhibit 106, Tab 3, Michael L. Loyd & Associates (W.D.Okla.); Debtor's Exhibit 106, Tab 2 and Exhibit 116, Tab 7 proof of claim of M. Michael Richardson (M.D.Tenn.); Exhibit 106, Tab 4, Dysart Taylor Lay Cotter McMonigle, P.C. (E.D.Mo.); Exhibit 106, Tab 3, Michael L. Loyd & Associates (W.D.Okla.).

9. All of Efremsky & Nagel fees (E.D.Ca.) per Roger Efremsky testimony. Plaintiffs' Exhibit 104, Tab 1.

10. Plaintiffs' Exhibit 105, Tab 1, Hale, Headrick, Dewey, Wolf, Golwen, Thornton & Chance PLLC. (Districts in Ark., S.C., Tenn., and Va.); Exhibit 105, Tab 2, Porter & Hedges (S.D.Tex.); Tab 3, Shermeta, Chimko & Adams, P.C. (E.D.Mich.); Tab 4, Dreher, Langer & Tomkies (W.D.La.); Tab 5, Stone & Hinds, P.C. (M.D.Tenn.).

11. Plaintiffs' Exhibit 113, Tabs 1–10, Hale, Headrick, Dewey, Wolf, Golwen, Thornton & Chance PLLC. (Ark., Miss., N.C., S.C.); Plaintiffs' Exhibit 103, Tab 1, Cooksey, Howard, Martin & Toolen (C.D.Calif.); Tab 2, Efremsky & Nagel (E.D.Calif.); Tab 3, Hale, Headrick, Dewey, Wolf, Golwen, Thornton & Chance PLLC. (Ark., Miss., N.C., S.C.); Tab 4, Porter & Hedges (S.D.Tex.); Tab 5, Shermeta, Chemko & Adams, P.C. (E.D. Mich. and W.D. Mich.); Tab 8, Engel, Hairston & Johanson, P.C. (N.D.Ala.); Tab 9, Snow, Christensen & Martineau (Utah); Tab 11, Stone & Hinds, P.C. (E.D.Tenn.); Tab 12, George Rigeley (W.D.Tex.); Tab 13, Michael Richardson; Tab 14, Michael Loyd & Assoc.

12. Some proofs of claim were not clear about fees charged. Plaintiffs' Exhibit 103, Tab 6, Dreher, Langer & Tomkies, L.L.P. (claim lists $225 on line for "amount of arrearage and

Chrysler called a number of witnesses to describe each firm's particular practice in regard to attorneys fee claims in proofs of claim. The practices are briefly catalogued below.

*Oklahoma*—According to Ms. Patsy Brown, an attorney with Michael L. Loyd and Associates, her firm put an attorneys fee of $100–400 in proofs of claim when Chrysler was oversecured or there was a co-debtor, depending upon services provided. Loyd & Associates represented Chrysler from 1985 or 1987 through February 10, 1997. On some claim forms, there was a line item for "amount of attorneys fees for representation in bankruptcy." She used that line to disclose fees in the Western District of Oklahoma where the trustee required use of that form. Otherwise she includes the fees in item 4 on the official form as "attorneys fees." [13] She generally had a conversation with attorneys in the Eastern and Northern Districts of Oklahoma about her fees.[14] Debt-

other charges at time case filed"); Tab 7, Mapother & Mapother (claim lists $640.68 on line for "amount of arrearage and other charges at time case filed"); Tab 10, Reizman & Blitz, P.C. (Ill.) (claim lists $225 or $300 on line for "amount of arrearage and other charges at time case filed").

**13.** Plaintiffs' Exhibit 104, Tab 17.

**14.** When the Court prevented certain testimony of Chrysler attorneys, Chrysler made an offer of proof with each Chrysler attorney witness about conversations each Chrysler attorney had with debtors' counsel in their jurisdictions. The proof offered was that debtors' counsel acknowledged to Chrysler's counsel that they understood Chrysler was charging an attorneys fee and that Chrysler's attorneys fee was a postpetition fee. The Court concluded that the testimony was hearsay. Chrysler stated that they only wanted to introduce the statements to show acknowledgments of the postpetition nature of fees were made by debtors' counsel, not that the fees were postpetition fees or not. The acknowledgments were out of court statements by nonparties (debtors' counsel). Although Chrysler alleged that the testimony was not made to prove the truth of the statements, the Court sees no other purpose for which it could be relevant. It was important to Chrysler to prove that debtors or their attorneys knew of Chrysler fees and knew that the fees were postpetition and, knowing that, that the debtors did not object to Chrysler's claims. Chrysler did not need to prove the state of mind or motives of its own attorneys. Using the acknowledgments of debtors' counsel to show Chrysler attorneys thought debtors' counsel understood the fees would have been proper for this purpose. But using the state-

ments to prove debtors had knowledge of Chrysler's fees is a different matter. The parties who made the acknowledgment must testify so the meaning of their statements can be plumbed. Chrysler cited two cases to the Court that are relevant. *U.S. v. Lynn*, 608 F.2d 132 (5th Cir.1979) held that the out of court statements of a defendant used to show the reason for a victim's state of mind—fear—were admissible for that purpose. As stated in this case, the defendant's knowledge was not relevant to the notice and adequate disclosure issue. In *U.S. v. Parry*, 649 F.2d 292 (5th Cir.1981), out of court statements the defendant made to his mother were admissible to show defendant's knowledge. Again, that is the opposite of the use of the statements of debtors' counsel by Chrysler. *See Weaver v. Tech Data Corp.*, 66 F.Supp.2d 1258 (M.D.Fla. 1999). If the Court were to admit the evidence to show that Chrysler's attorneys thought debtor's counsel knew of Chrysler's fees and the fees' postpetition nature, the Court would consider that fact irrelevant. The test of adequate notice is what the debtors and their counsel *in fact* knew or should have known. *E.g., Christopher v. Kendavis Holding Co. (In re Kendavis Holding Co.)*, 249 F.3d 383, 386 (5th Cir.2001) (" 'an elementary and fundamental requirement of due process … is notice reasonably calculated … to apprise interested parties of the pendency of the action' … a potential litigant who knows about a legal proceeding usually has adequate notice.") (quoting from *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950) *supra* ); *In re Marino*, 195 B.R. 886, 893 (Bankr.N.D.Ill. 1996) ("a creditor who knows of the proceeding but has not received formal notice should be prevented from standing back and allow-

ors should know "attorneys fees" on claims filed were postpetition fees if item 5 is checked.

*New Jersey, Pennsylvania and Delaware*—According to Mr. David Lyons, his firm, Lyons, Doughty & Veldhuis, P.C., represented Chrysler on and off for the last 25 years. His firm's representation ceased in August 2001. His firm was paid $320 as a flat fee for all services ("cradle to grave") in each chapter 13 case. At one point, the proofs of claim he filed for Chrysler stated "contractual attorneys fees" or "fees" were charged.[15] Later when he used the official form, he included attorneys fees by stating "atty fees." Mr. Lyons only requested attorneys fees when he filed an objection to confirmation. He indicated he was charging attorneys fees in the objection to the plan.[16] In some cases in which an objection was filed, the attorneys fee was eliminated as part of an agreement as to the value of the vehicle. That agreement was memorialized by a consent order or an announcement on the record. It is possible some proofs of claim filed by Lyons contained a postpetition attorneys fee but did not disclose it.[17] In fact, some of the proofs of claim included attorney's fees based on the Chrysler contract that allowed fees to be charged as a percent of the unpaid balance. He was never paid more than $320, however; he used the number merely as a negotiating tool.

*Michigan*—Darrell Chimko of Shermeta, Chimko & Adams represented Chrysler for the last eight years in the Eastern and Western Districts of Michigan. His firm receives a $250 flat fee for cradle to grave services in each case.[18] In the Eastern District of Michigan–Detroit, the trustee directs that the total amount of the claim be placed in Box 4. The creditor then attaches a sheet that includes only the amount of the claim without attorneys fees. He requests attorneys fees only in a situation where Chrysler is oversecured. Sometimes he lists "attorneys fees" on the face of the proof of claim.[19] However, he tries to do whatever the trustee requires. According to Chimko, any Michigan attorney knows "attorneys fees" claimed on a proof of claim form are postpetition fees.

*Kentucky and Indiana*—Allen Morris of Stites and Harbison represented Chrysler personally from 1993 or 1994 to 1996 and his firm represented it before that. He handled Chrysler work on a flat fee basis of $190–210 in the Southern District of Indiana (New Albany) and the Western District of Kentucky (Louisville). In all other divisions and districts, the fee was higher due to travel. His flat fee only covered work up to confirmation of a plan. The attorneys fee is included in the proof of claim as "plus attorneys fee and interest." The fee is added to all claims in which Chrysler believes it is oversecured. A debtor would know the fee is a postpetition fee because the box in item 5 is not checked on the proof of claim and the attachment that his firm did for proofs of claim showed it.[20] Some claims did not list the attorneys fee on the face of the claim,

---

ing the bankruptcy action to proceed."). 249 Fed.R.Evid. 803(3).

15. Plaintiffs' Exhibit 105, Tab 9.

16. Plaintiffs' Exhibit 37.

17. Plaintiffs' Exhibit 113, Tab 14, claims 2 and 4.

18. This fee has decreased from $350 to $325 to $250 over the years.

19. Plaintiff's Exhibit 104, vol. 4 and 5.

20. Plaintiff's Exhibit 104, vol. 8, Tab 13, # 103360, 103354, 103383.

only in the attachment.[21]

*Illinois*—James S. Cole of the Riezman & Blitz firm has represented Chrysler in all three districts in Illinois from 1993 to present and since mid–2001 also in Missouri, Iowa, Kansas, Nebraska, Minnesota, Wisconsin, North Dakota and South Dakota. He charges a flat fee of $300 for cradle to grave services in Illinois cases and $288 for Missouri cases. His firm files proofs of claim requesting attorneys fees if Chrysler is oversecured or there is a co-debtor. His firm also includes fees when a debtor files bankruptcy very shortly after purchasing a car. For many years, Cole indicated attorneys fees were added only in an attachment to the proof of claim. Now his firm states "attorneys fees" on the face of the claim too.[22] Since his firm cannot be in each location, they hire local counsel for individual appearances and pay them per appearance.

*Alabama, Mississippi and Louisiana*—Ms. Deidre Cherry and Ms. Robin DeLeo testified about the Dreher, Langer & Tomkies firm's representation of Chrysler in Alabama, Mississippi and Louisiana. Ms. DeLeo at the Dreher firm and at her previous firm represented Chrysler from June 1996 to June 2001. Ms. Cherry, of counsel to the Dreher firm, assisted in that work. Their policy was to charge postpetition attorneys fees to the debtor if Chrysler was oversecured. The claim was placed on the proof of claim form in box 5 [23] as "includes $225 of attys fees" or "includes attys fees of $225." [24] At some point after the commencement of this suit, the Dreher firm started placing "includes $225 of *postpetition* attys fees" (emphasis added) on the form in the Southern District of Alabama only. Each claim form had a Chrysler computer screen attached which showed the prepetition balance owed on the account (until 1998) or, after that, a form that stated what principal, interest, and attorneys fees were owed. Ms. Cherry, as required by Ms. DeLeo, sent letters to debtors' counsel when Chrysler's treatment in a plan was inadequate. The letters always made reference to the $225 attorneys fee. Ms. Cherry generally had a follow up call with each debtor's attorney in which she mentioned the fee.

Generally, paralegals in the firm signed the proofs of claim with Ms. DeLeo's signature after 1998. Before that, paralegals signed the proofs of claim in their own names. The change occurred because questions about claims were always directed to the signer of the form and Ms. DeLeo wanted all questions to come to her. In the relief from stay order in Powe that reiterated that a $225 attorneys fee was charged for all services in a case, including the motion for relief from stay, the order was drafted as it was to insure that it was clear the only attorneys fee being charged to Powe was $225. Local counsel were paid by the Dreher firm itself, not Chrysler, if local counsel was necessary.

*California*—Roger Efremsky, an attorney at Efremsky & Nagel in California, has represented Chrysler since February or March 1996 in the Northern and Eastern Districts of California as second tier counsel under the Cooksey & Cooksey firm. He has a direct relationship with

---

**21.** Plaintiff's Exhibit 104, vol. 8, tab 13, # 103357.

**22.** Plaintiff's Exhibit 104, vol. 7, tab 11.

**23.** It was placed in Box 5 at least from 1998 to 2001.

**24.** The flat fee that the Dreher, Langer firm was paid for Alabama cases was $275, but for consistency sake, the firm only requested a $225 fee in proofs of claim.

Chrysler but his fees are paid through the Cooksey firm. The present cradle to grave fee he charges is $400. His policy is to include attorneys fees in proofs of claim if Chrysler is oversecured and he has to file an objection to the plan, a motion for relief from stay or a motion to assume (if the debtor has a lease). In all cases, any fees Efremsky includes are specifically approved in a court order of some type. He has only included an attorneys fee in a proof of claim in 63 of approximately 780 chapter 13 cases he has handled since 1996.

## CHRYSLER ATTORNEY PRACTICES FROM VIEWPOINT OF DEBTORS' COUNSEL AND CHAPTER 13 TRUSTEE

Four chapter 13 debtor lawyers testified in this case, Eric Schwab of Sacramento, California, and Irvin Grodsky, Melissa Wetzel and Larson Edge of Mobile, Alabama, Schwab reviews all secured and priority proofs of claim filed in his cases. He is aware that Richard Efremsky sometimes charges postpetition attorneys fees when Chrysler is oversecured. The fees are approved in court orders. He believes a flat fee charge by attorneys for creditors like Chrysler is fair and cheaper than "a la carte" fees. His own fee is a set amount as well that can be subject to increase.

Irvin Grodsky, Larson Edge and Melissa Wetzel do not review all proofs of claim. They do not have the time due to the size of their practices. It has never been the standard procedure in this district. Grodsky does not object to the concept of a flat fee as long as there is disclosure. If the chapter 13 office alerted Grodsky that a claim might be defective, he would look at it carefully. He also relies on his knowledge of how attorneys in this court practice and what they typically do. Once he did examine Chrysler's proof of claim in

the Powe case, he would never have thought it included an attorneys fee. Edge does not usually review proofs of claim when they are received. Wetzel handles the mail and reviews any claims received. As far as the claim in Moore's case, he cannot tell if the fee included is pre— or postpetition and he did not have a practice of calling creditors' counsel about such fees before this suit. He does now. Edge believes $225 is a reasonable fee for this case in light of the relief from stay motion filed. He thought that the fee was for prepetition work. Wetzel does not recall seeing the Chrysler proof of claim in the Moore case, but if she did, she would have assumed it was a prepetition fee.

The chapter 13 trustee from Sacramento, California and Reno, Nevada testified. He assumes that fees shown in a proof of claim are prepetition fees if not otherwise specified due to the timing of filing of the petition and proof of claim. He does not find flat fees to be unreasonable per se, and in fact believes they can be beneficial to debtors since hourly charges are usually higher. Mr. Johnson believes fee disclosures can be made other than in a proof of claim such as in letters and a stipulation between counsel. However, bankruptcy judges are more interested in reviewing postpetition fees than prepetition. Johnson also would object to a flat fee charged by a creditor that included a fee for filing a relief from stay motion if the fee request was made before the motion was filed.

## LAW

There are six motions pending in this case that require a ruling in conjunction with this final judgment. They are:

1. Chrysler's motion to dismiss, as moot, the claims of plaintiff Michael F. Powe and to dismiss the class claims for injunctive relief (docket entry no. 181).

2. Chrysler's motion in limine (docket entry no. 182)—(denied orally on record with findings and conclusions to follow).

3. Chrysler's motion for judgment to be entered in favor of defendant and against plaintiffs and class members after the conclusion of the plaintiffs' evidence (docket entry no. 186).

4. Chrysler's motion for judgment to be entered in favor of defendant and against plaintiffs and class members after the conclusion of all evidence, or in the alternative, should this Court rule in favor of plaintiffs and class members and against CFC, motion to allow CFC to amend its proofs of claim (docket entry no. 187).

5. Chrysler's motion for decertification of class, or in the alternative, for amendment of the Court's class action order to limit the class to this district (docket entry no. 188).

6. Chrysler's motion to require plaintiff to propose a plan for class notice (docket entry no. 177).

There are several other issues pending: the Court's ruling on Chrysler's objections to plaintiffs' exhibits 110 and 111 and Chrysler's oral motion at trial to narrow class to exclude closed cases, cases outside two-year statute of limitations and cases with arbitration clauses. The Court will address each of these matters.

A.

*Chrysler's Motion to Dismiss, as Moot, the Claims of Michael F. Powe and to Dismiss the Class Claims for Injunctive Relief*

■ Chrysler moves for dismissal of Powe's claims because his vehicle was repossessed on December 6, 2001, and he will never pay the $225 attorneys fee in-cluded in Chrysler's proof of claim. Powe therefore has no standing to sue Chrysler. The motion also alleges that Moore voluntarily paid its claim, including the $225 attorneys fee and her case is closed. Moore therefore has no standing to sue. Since both class representatives at the time of trial lacked standing, the case should be dismissed.

Powe and Moore assert that even if their claims are moot, the mootness occurred after certification and should not dictate that the case be dismissed. The mootness of their claims resulted from the length of time this case has taken to resolve.

The Court concludes that Powe and Moore's situation is similar to the situation of Claude and Terry Nolerto in their class action case against NationsBanc Mortgage Corporation. The Nolettos' case was converted to chapter 7 after the case was filed and NationsBanc Mortgage Corporation argued that the case should be dismissed due to mootness. The Court concluded that dismissal was not appropriate.

[M]ootness should not bar a case when the Court has taken a long period of time to determine whether class certification is appropriate. *Graves v. Walton County Bd. of Education,* 686 F.2d 1135 (5th Cir.1982); *Comer v. Cisneros,* 37 F.3d 775 (2d Cir.1994). In this [the Noletto] case, at the time was case was filed, the Nolettos were in chapter 13 and were proper plaintiffs ... The Court delayed the certification hearing to deal with jurisdictional issues and to allow discovery. Other cases focus on whether the plaintiff's claim was a viable one when the plaintiff moved for class certification. *Holmes v. Pension Plan of Bethlehem Steel Corp.,* 213 F.3d 124 (3d Cir.2000). The Nolettos moved for class certification at the filing of this case. Their claim was a viable one then

and was only mooted later. Other cases discuss mootness which may occur when the harm dissipates during the normal time required for resolution of the controversy, i.e., trial and appeals. *Sosna v. Iowa,* 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975) . . . The U.S. Supreme Court has held that a plaintiff whose claim is mooted "due to an occurrence other than a judgment on the merits [ ]" . . . does not lose his right to press the class certification claim. *U.S. Parole Commission v. Geraghty,* 445 U.S. 388, 402, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980).

*Noletto v. NationsBanc Mortgage Corp.,* Case No. 98–13813–MAM–13, Adv. No. 99–1120, order granting class certification motion (Bankr.S.D.Ala. Dec. 29, 2000).

■ Powe and Moore's claims are like Noletto's claim. They became moot after the filing of the case and after class certification. Therefore, the case remains viable. As to Powe individually, his claim became moot involuntarily. His auto was repossessed when he could not make payments. Moore's claim is not moot. She paid the attorneys fee at issue. She is due a refund of the fee if the Court grants judgment to plaintiffs. Her payment was involuntary in the sense that she had no choice but to pay to receive her discharge. This action remains pending as her request for consideration of allowance of Chrysler's claim.

■ The fact that a case was closed does not extinguish bankruptcy court jurisdiction. The Court incorporates its rulings in *Slick v. Norwest Mortgage, Inc. (In re Slick)* and *Dean v. First Union Mortgage Corp. (In re Dean)* on this issue. *Slick v. Norwest Mortgage, Inc. (In re Slick),* Order Awarding Judgment to Plaintiffs, Adv. No. 99–1136, Case No. 98–14378 (Bankr.S.D.Ala. May 10, 2002); *Dean v. First Union Mortgage Corpora-*

*tion (In re Dean),* Order Awarding Judgment to Plaintiffs, Adv. No 99–1144, Case No 00–11321–MAM–13 (Bankr.S.D.Ala. May 10, 2002).

Finally, to the extent either or both of Powe's and Moore's cases are moot, the Court would grant plaintiff's leave to appoint another class representative. There are other appropriate members of the class.

**B.**

*Chrysler's Motion in Limine*

■ The Court has already denied this motion orally on the record. Chrysler asserted that the Court should exclude from the record any evidence of the unreasonableness of Chrysler's attorneys fees for the reasons listed in its motion and any evidence as to punitive damages. The plaintiffs asserted that the Court had indicated that the unreasonableness of fees would be at issue in its June 1 and July 27, 2001 orders. Plaintiffs argue that a remedy—punitive damages—cannot be excluded from consideration by a motion in limine. Such a motion's purpose is to limit evidence only.

The Court concluded that the motion was due to be denied because the issue of the reasonableness of the fees had been raised by the plaintiffs and the Court had indicated on its rulings of June 1 and July 27, 2001 that evidence of the propriety of any specific fee could be addressed at trial. The Court concluded that preclusion of a remedy was not properly addressed in a motion in limine. Only evidentiary issues can be covered. *E.g., Watson Laboratories, Inc. v. Rhone–Poulenc Rorer, Inc.,* 2001 WL 1673258 (C.D.Cal.2001) *(dicta).* There are cases that do preclude remedies through a motion in limine however. *The Cayuga Indian Nation of New York, The Seneca–Cayuga Tribe of Oklahoma v. Cuo-*

*mo,* 1999 WL 509442 (N.D.N.Y.1999); *Dalton v. Wal–Mart Stores, Inc.,* 1996 WL 435146 (D.N.H.1996). This Court recognizes the existence of this case law but disagrees with it. In any event, the Court concluded that the reasonableness of fees was a proper issue for the Court.

### C.

*Chrysler's Motion for Judgment to be Entered in Favor of Defendant and Against Plaintiffs and Class Members After the Conclusion of Plaintiffs' Evidence*

Chrysler alleges that plaintiffs' evidence does not sustain their burden of proving there is a class to whom relief should be granted. Resolution of this motion necessarily entails the Court's review of the evidence in plaintiffs' case and the application of the law to it. The Court's reasoning as to this motion is below. For the reasons stated below, this motion is denied.

### D.

*Chrysler's Motion for Judgment at the Conclusion of All Evidence*

Chrysler alleges that plaintiffs did not sustain their burden of proof when the evidence is viewed after completion of trial. Resolution of this motion necessarily entails the Court's review of all of the evidence and the application of the law to it. For the reasons stated in the subparts below, this motion is granted.

### E.

*Chrysler's Motion for Decertification of the Class, or in the Alternative, For Amendment of the Court's Class Action Order to Limit the Class to This District*

Chrysler asserts that the class certified by this Court on July 27, 2001 should be decertified because this Court has no jurisdiction over the case; there is no commonality or typicality among class members; this is not properly a Rule 23(b)(2) case; many of the class members have arbitration agreements in their contracts; and no notice has been given to class members. Resolution of this motion necessarily entails the Court's review of the evidence and the application of the law to it. For the reasons stated below, the motion is granted to the extent of limiting the class to debtors in the Southern District of Alabama as to the reasonableness of a specific fee.

### F.

*Chrysler's Motion to Require Plaintiff (sic) to Propose a Plan for Class Notice*

Chrysler asserts that the plaintiffs should be required to give notice to class members in this case. First, Chrysler asserts, although the class was certified as a Rule 23(b)(2) class, it is really a Rule 23(b)(3) class and therefore notice is required. Second, notice is necessary when the class representatives' interests are different than the other class members. Since Powe and Moore have claims in which injunctive relief is not appropriate and, as to Powe, no damages are appropriate, many other class members' claims are distinct from the class representatives' claims. Third, proposed amendments to Rule 23(b)(2) would require notice to class members. Fourth, Chrysler wants notice given to insure that all class members are bound by the judgment due to res judicata. Plaintiffs assert that the Rule 23(b)(2) classification is proper as explained in this Court's prior rulings. The main relief sought is injunctive.

The Court is not inclined to revisit its certification issue now. Since the trial was

held, the issue is essentially moot anyway. Also, the Court concludes, upon review of its earlier opinions, that Rule 23(b)(2) certification was proper for the reasons stated in the opinions which are incorporated by reference. *In re Noletto,* Case No. 98–13813, Adv. No. 99–1120, order granting class certification motion (Bankr.S.D.Ala. December 29, 2000); *In re Sheffield,* Case No. 97–10511, Adv. No. 99–1124, order granting class certification motion (Bankr. S.D.Ala. December 29, 2000); *In re Slick,* Case No. 98–14378, Adv. No. 99–1136, order granting class certification motion (Bankr.S.D.Ala. December 29, 2000); *In re Miller,* Case No. 97–12807, Adv. No. 99–1137, order granting class certification motion (Bankr.S.D.Ala. December 29, 2000); *In re Powe,* Case No. 98–10935, Adv. No. 99–1121, order granting class certification motion (Bankr.S.D. Ala. June 1, 2001).

### G.

#### *Trial Issues*

There were numerous issues raised in the trial of this case. Chrysler's relationship to its debtors varied from that of the mortgage lender creditors' relationship to their debtors described in two other opinions that the Court is issuing contemporaneously with this one. *Slick v. Norwest Mortgage, Inc. (In re Slick),* Adv. No. 99–1136, Case No. 98–14378–MAM–13, Order Awarding Judgment to Plaintiffs (Bankr. S.D.Ala. May 10, 2000); *Dean v. First Union Mortgage Corp. (In re Dean),* Adv. No. 99–1144, Case No. 96–14029–MAM–13, Order Awarding Judgment to Plaintiffs (Bankr.S.D.Ala. May 10, 2000). In those cases the Court is awarding judgment for the classes. Chrysler's situation differs in several important respects. First, Chrysler's entire claim is being paid through the

chapter 13 plan or is being discharged.[25] Second, Chrysler's attorneys disclosed that attorneys fees are being charged by indicating that fact on the proofs of claim.

Two evidentiary objections were taken under advisement by the Court in conjunction with the trial of this case. Chrysler objected to admission of plaintiffs' Exhibits 110 and 111. Exhibit 110 was a draft of the expert witness report of Jan Johnson, the Chapter 13 trustee from the Eastern District of California. Exhibit 111 was a draft of the report of Alex Gray, an attorney that represented Chrysler in Mobile in the Powe case. The Court concludes the documents are relevant and they are admitted. Even if the Court excludes them from evidence, the outcome of the case remains the same.

There are ten issues that need to be addressed in this ruling. They are:

1. Jurisdiction
2. Adequacy of disclosure
3. Reasonableness of fees
4. Reconsideration of claims
5. Amendment of claims
6. Standing of Powe and Moore
7. Private rights of action under § 105
8. Class decertification
9. Arbitration clauses
10. Incentive fees

### 1.

#### *Jurisdiction*

 Chrysler asserts that this Court does not have jurisdiction to hear this case. For the reasons stated in *In re Noletto,* 244 B.R. 845 (Bankr.S.D.Ala.2000), the Court concludes that it does have jurisdiction. The U.S. District Court of the

---

**25.** In several cases in 2002 not involving Chrysler, the Court has seen auto loans of six or seven years. These loans are like mortgage loans in that they survive the life of the plan and are paid directly to the creditor, except for arrearages.

Northern District of Alabama has recently issued a thoughtful opinion concluding that its bankruptcy court also has jurisdiction to consider a class action suit. *Bank United v. Manley (In re Manley),* 273 B.R. 229 (N.D.Ala.), opinion dated November 29, 2001. This Court adopts its reasoning as well. This Court concludes that there is clearly no obstacle to this Court ruling on issues involving debtors in this district. The defendant does not dispute this exercise. It is debtors' cases beyond this district as to which a question has been raised. As to those cases, the District Court certainly has jurisdiction if this Court does not. If this Court is held to be without jurisdiction over this case, the Court reports and recommends to the District Court that it adopt these findings and conclusions pursuant to Fed. R. Bankr.P. 9033.

## 2.

### *Adequacy of Disclosure*

Bankruptcy Code Section 506(b) states: To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement under which such claim arose.

The plaintiffs assert that secured creditors must file applications seeking approval of any fees sought under this section. Otherwise, without such an application and a court order specifically approving the fees, the fees cannot be charged to the debtor. Chrysler asserts no application and no specific disclosure is necessary.

■ The Court has ruled in other cases that some disclosure of a postpetition/preconfirmation fee is required. *Slick v. Nor-* *west Mortgage, Inc. (In re Slick),* Order Awarding Judgment to Plaintiffs, Case No. 98–14378, Adv. No. 99–1136 (Bankr. S.D.Ala. May 10, 2002); *Dean v. First Union Mortgage Corp. (In re Dean),* Order Awarding Judgment to Plaintiffs, Case No. 00–11321 and 96–14029, Adv. No. 99–1144 (Bankr.S.D.Ala. May 10, 2002). In prior rulings in similar cases, the Court has ruled that postpetition/preconfirmation attorneys fees must be included in a creditor's proof of claim or an application for compensation or the fees cannot be collected from a debtor and are discharged. *Id.*

■ This case is different from the *Slick* and *Dean* cases cited above. In those cases, the creditor, a mortgage lender, did not disclose a fee at all. In *Slick,* the fees were not even added to the mortgage balance reflected in the proof of claim. In *Dean,* the Court believes that the fees were added to the balance owed but in no manner separately itemized. In this case, Chrysler's attorneys did disclose the attorneys fees charged in varying ways. What manner of disclosure is adequate?

As stated in other opinions incorporated in this one by reference, the reason postpetition/preconfirmation fees need to be disclosed and added to the proof of claim is that debtors have a right to cure all preconfirmation arrearages, costs and fees through payments in their chapter 13 plans. *See Rake v. Wade,* 508 U.S. 464, 113 S.Ct. 2187, 124 L.Ed.2d 424 (1993); *Telfair v. First Union Mortgage Corp.,* 216 F.3d 1333 (11th Cir.2000); *Slick v. Norwest Mortgage, Inc. (In re Slick),* Order Awarding Judgment to Plaintiffs, Case No. 98–14378, Adv. No. 99–1136 (Bankr. S.D.Ala. May 10, 2002); *Dean v. First Union Mortgage Corp. (In re Dean),* Order Awarding Judgment to Plaintiffs, Case No. 00–11321 and 96–14029, Adv. No. 99–1144 (Bankr.S.D.Ala. May 10, 2002).

Debtors should be able to fully pay all costs during the bankruptcy so that, post-discharge, they are completely current on their obligations or have fully paid debts to be satisfied during the bankruptcy case.

Fees to be charged to debtors as part of a secured creditor's claim in a case are to be "reasonable." 11 U.S.C. § 506(b). A debtor needs to be able to discern if the fees he is paying are reasonable. Unless a debtor has notice of the fees, he cannot make that determination.

When this case was commenced, the Court believed that the reasonableness standard for judging pre— and postpetition attorneys fees might be different. Prepetition fees were "reasonable" for § 506(b) purposes if reasonable under state law and/or allowed by the parties' contract. Bankruptcy court scrutiny of those fees was more limited. *See, e.g., In re Carey,* 8 B.R. 1000 (Bankr.S.D.Cal. 1981); *In re Schriock Constr., Inc.,* 176 B.R. 176 (Bankr.D.N.D.1994), *rev'd* 104 F.3d 200 (8th Cir.1997). On December 17, 2001, the Eleventh Circuit Court of Appeals issued an en banc decision that held that the reasonableness standard for pre— and postpetition fees is the same. *Welzel v. Advocate Realty Investments, Inc. (In re Welzel),* 275 F.3d 1308 (11th Cir.2001). Pre-*Welzel,* a disclosure that a fee was pre— or postpetition made a difference in the scrutiny a debtor and his attorney might apply to that fee. *Welzel* leveled the standard in this circuit and concluded that four other circuits had ruled similarly. *First W. Bank & Trust v. Drewes (In re Schriock Constr., Inc.),* 104 F.3d 200 (8th Cir.1997); *Blackburn–Bliss Trust v. Hudson Shipbuilders, Inc. (In re Hudson Shipbuilders, Inc.),* 794 F.2d 1051 (5th Cir. 1986); *In re 268 Ltd.,* 789 F.2d 674 (9th Cir.1986); *Unsecured Creditors' Comm. 82–00261C–11A v. Walter E. Heller & Co.*

*S.E., Inc. (In re K.H. Stephenson Supply Co.),* 768 F.2d 580 (4th Cir.1985).

Therefore, whereas Powe and his counsel might have objected to hourly rates or types of service rendered or time expended when the fee was postpetition, but not prepetition, that dichotomy has been ruled baseless in *Welzel.* Therefore, if a creditor discloses that an attorneys fee has been charged regardless of whether Chrysler discloses the fee is prepetition or postpetition, that disclosure is sufficient because the review will be the same. Therefore, the Court's concern is that there is sufficient notice and description of all fees to put a debtor and all other interested parties on notice that a fee has been charged and a review may be warranted.

Chrysler's attorneys, to the extent the Court could determine from the evidence, always stated at least that an "attorneys fee" was being charged if Chrysler was oversecured or otherwise entitled to a fee. The attorney may not have indicated clearly that the fee was pre— or postpetition but the fact that a fee was disclosed is sufficient according to *Welzel.* There may have been instances where a fee was charged to a debtor but not disclosed. However, the plaintiffs bore the burden of proving that was the case and the Court has no concrete evidence of nondisclosure. The attorneys who testified all indicated that a fee was only charged when Chrysler was oversecured or there was a co-debtor. No proof of claim indicated otherwise. At most, from the Court's review of the evidence, nondisclosure is a very infrequent event, if it happened at all.

### 3.

#### *Reasonableness of Fees*

■ If the fees were adequately disclosed as the Court is ruling they were, the only way the fees would not be payable is if they are unreasonable per 11 U.S.C.

§ 506(D) or are postconfirmation fees. *Telfair v. First Union Mortgage Corp.,* 224 B.R. 243 (Bankr.S.D.Ga.) *aff'd,* 216 F.3d 1333 (11th Cir.), *cert. denied,* 531 U.S. 1073, 121 S.Ct. 765, 148 L.Ed.2d 666 (2001). Plaintiffs assert that the fees are unreasonable on several grounds. Attorneys are not necessary to file proofs of claim at all and there should be no attorneys fee for ministerial services. The flat fees charged may overcompensate Chrysler in some cases. Flat fees are per se unreasonable. Also, the flat fee includes charges for postconfirmation work. Chrysler asserts that the reasonableness of the fees is not one of the issues certified for class status. Furthermore, the fees are reasonable. Chrysler also asserts that reasonability is a determination each bankruptcy court should make itself based upon the particular facts of each case in question. Once a reasonableness determination is necessary all commonality of the class certified in this case is gone and no class ruling is appropriate except for debtors in this district.

The Court concludes that all of the issues plaintiffs raise about Chrysler's fees do raise issues personal to each case or district that make a blanket ruling by one court impossible. Once the nondisclosure hurdle is jumped, one court cannot deal with the variations among courts and regions. Unlike the cases in which there was no disclosure of fees to debtors, this case raises issues of prevailing local rates charged by attorneys, work required by chapter 13 trustees preconfirmation, breakdown of flat fees between pre— and postconfirmation work, allowance of additional fees for relief from stay, and motions and other local legal culture issues. As Chrysler evidence showed, courts have unique ways of processing chapter 13 cases that are geared to the particular district. Size of district and docket, number of trustees, computer systems and prior judi-cial ruling all influence how chapter 13 claims are handled. This Court cannot impose a cookie cutter fee structure on all districts for this reason. Upon hearing the evidence, the Court concludes that there is insufficient commonality to maintain a class as to what is an appropriate fee except as to debtors in this district.

■ As to fees in this district, the Southern District of Alabama, the evidence presented showed that a $225 flat fee is charged for all work done on Chrysler's behalf in a chapter 13 case in this district. The charge is imposed at the filing of the case. In some cases, Chrysler may need to do no more than file a proof of claim. In other cases, an objection to confirmation and/or a motion for relief from stay will be needed. Charging a flat fee of $225–275 is not inappropriate or unfair. *See In re Geraci,* 138 F.3d 314 (7th Cir. 1998) (debtors' attorneys fees set at a presumptively reasonable flat fee); *Schueler v. Roman Asphalt Corp.,* 827 F.Supp. 247 (S.D.N.Y.1993); *In re Haskew,* 2001 WL 589043 (Bankr.D.Idaho 2001); *In re McMullen,* 273 B.R. 558 (Bankr.C.D.Ill. 2001). In fact, several witnesses opined that overall the flat fee resulted in reduced cost to debtors as evidenced by the falling fees over the past five years or more charged by Chrysler's outside counsel. When the fee is charged for all work, not just filing of a proof of claim, there is no question that it is a reasonable fee. In Powe and Moore's cases, relief from stay was necessary. A fee of $225–275 is reasonable for the stay motion alone. This Court allows a $350 fee in cases where there is no flat fee arrangement. The Court concludes the fees as charged in this district are reasonable.

■ As this case has proved, preparing and filing a proof of claim is not a simple task. In many instances legal issues need

to be considered at that time. Is the creditor oversecured? Is there a co-debtor? What is the district's policy on the proper manner to file a proof of claim? Are there prepetition fees or costs and, if so, should some or all of them be added to the claim? The act of filing a proof of claim is not always a ministerial act. If a creditor does not intend to ever claim any fees or costs and wishes to only claim the prepetition principal balance and accrued interest, the preparation and filing of the claim might be as ministerial and no counsel needed. In most situations, however, any attorney may properly be used to file a proof of claim if a reasonable fee is charged.

### 4.
### *Reconsideration of Claims*

 Plaintiffs (and the Court) have termed this adversary as a request for reconsideration of claims pursuant to 11 U.S.C. § 502(j) as to those class members whose claims have been allowed or dealt with in a confirmed chapter 13 plan. *In re Powe,* Case No. 98–10935, Adv. No. 99–1121, order denying debtor's motion to strike Chrysler's amended motion to strike, denying defendant's motion for summary judgment and granting debtor's motion for class certification (Bankr.S.D. Ala. June 1, 2001). Section 502(j) allows a claim to be reconsidered "for cause." *Id.* The reconsidered claim "may be allowed or disallowed according to the equities of the case." *Id.* Chrysler asserts that reconsideration is a remedy that should not be freely allowed, particularly if the reconsideration will prejudice Chrysler. Orders allowing claims and orders confirming plans should be accorded res judicata effect. *In re Justice Oaks II, Ltd.,* 898 F.2d 1544 (11th Cir.1990). Since the Court is not disallowing any fee of Chrysler in this district to the extent it is a flat fee of $275 or less for all work in each chapter 13 case,

there is no need for the Court to reconsider the claims and the plaintiffs' request for reconsideration is denied.

### 5.
### *Amendment to Claims*

Chrysler asserts that if there is a deficiency in the proofs of claim it filed, it should be allowed to amend the claims. Since the Court is concluding that Chrysler's proofs of claim were appropriate as filed, there is no need to address this issue.

### 6.
### *Standing of Powe and Moore*

This issue was addressed in Part A above. If Powe is not a party with standing due to his voluntary surrender of his vehicle without payment of any fee, the Court concludes that a substitute plaintiff as class representative should be allowed. The length of time this case pended before trial caused the mootness of his claim. Moore also was a proper class representative at the time of certification. Her claim was mooted by payment of her entire chapter 13 plan debt in full. This debt included Chrysler's secured claim and fees. As with Powe, the length of time this case has lasted caused this situation. In order to obtain a discharge, Moore had to pay all of her plan debt. Her claim is not mooted by this payment. She would still be owed a return of the fee if the Court had found the fee, or any part of it, to be disallowable.

### 7.
### *Private Right of Action*
### *Under Section 105*

This Court has already ruled that a private right of action does exist under 11 U.S.C. § 105. *Bessette v. Avco Financial Services, Inc.,* 230 F.3d 439 (1st Cir.2000); *In re Tate,* 253 B.R. 653 (Bankr.W.D.N.C. 2000)

### 8.
#### *Class Decertification*

Chrysler asks the Court to decertify the class it constituted on July 27, 2001. It asserts that Rule 23(b)(2) certification is improper, multidistrict certification is improper, the Rule 23(a) standards are not met, and there are other limitations on the class even if it was appropriately certified.

Based upon the evidence, the Court agrees that the multi-district class is inappropriate for the issue remaining after the *Welzel* decision—the reasonableness of fees charged. Since that is the sole remaining issue, the class lacks commonality. The amounts of the fees vary; the proof of claim forms vary; the confirmation process varies; the creditor's attorneys' practice vary. Commonality requires that "there are questions of law or fact common to the class." Fed. R. Bankr.P. 7023(a)(2). Other than as to proofs of claim filed in this district, there is no commonality among the class members. As to debtors in the Southern District of Alabama, the class requirements are met. The Court still concludes that a Rule 23(b)(2) class was appropriate. Although no relief is being accorded debtors in this district because the Court has concluded the fees are reasonable, the class will be bound by the result.

### 9.
#### *Arbitration Clauses*

Chrysler asserts that many of the loan agreements of debtors who are a part of the class of debtors in the Southern District of Alabama and nationwide were precluded from being members of any class due to arbitration agreements in their contracts. The Court does not need to reach this issue.

### 10.
#### *Incentive Fees to Class Representatives*

This issue is moot since there is no recovery for the class.

IT IS ORDERED that defendant, Chrysler Financial Corporation, L.L.C. is awarded a judgment with this Order. Chrysler is instructed to submit a judgment for the Court's signature within 30 days of this order.